# 24-1212-cv

**IN THE**

## United States Court of Appeals

**FOR THE THIRD CIRCUIT**

EILEEN T. ADAMS,

Debtor-Appellant,

-against-

NATIONSTAR MORTGAGE, LLC

Defendant-Appellee

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

**BRIEF OF DEBTOR-APPELLANT**

Attorney of Record:
DAVID A. KASEN, ESQUIRE
KASEN & KASEN, P.C.
Attorneys for Debtor-Appellant,
Eileen T. Adams
Society Hill Office Park
1874 E. Marlton Pike, Suite 3
Cherry Hill, New Jersey 08003
Telephone:(856) 424-4144
Fax: (856) 424-7565
Email: dkasen@kasenlaw.com
Attorney ID#262881970

## CONTENTS OF BRIEF

                                                              Page

Corporate Disclosure Statement                                 i

TABLES

1.    Table of Contents                                        ii

2.    Table of Citations                                      iii

STATEMENTS & SUMMARIES

1.    Subject Matter & Appellate Jurisdiction                  1

2.    Issues                                                   3

3.    Related Cases and Proceedings                            3

4.    Concise Statement of the Case setting out the            4
      Following:
      a.  Relevant Facts                                       4
      b.  Procedural history                                   9
      c.  Rulings presented for review                        17

5.    Summary of Argument                                     18

ARGUMENT

1.    Argument with each issue prefaced by its Standard       19
      Or Scope of Review
      a.  Preliminary Statement                               19
      b.  Facts                                                21
      c.  Assignment from MERS to EverBank                     23
      d.  No Claim, No Valid Right to Payment and
          Therefore, No Standing                               25
      e.  Nationstar Mortgage, LLC, the Movant Herein, Was
          Never a Party in the Foreclosure Litigation in the
          Courts of the State of New Jersey                    26

    f.  Recent Decision with regard to Non Applicability
       Of *Rooker-Feldman* Doctrine          30

2.    Conclusion          34

Certificate of Bar Membership          36

Certificate of Compliance          37

Certificate of Service          38

ATTACHMENT TO BRIEF

Appendix Volume 1

# CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure R. 26.1(c), the Debtor-Appellant, Eileen T. Adams, certifies that each debtor was named in the caption and that there is no debtor that is a corporation.

Date: October 15, 2024            */s/ David A. Kasen, Esq.*
                                  DAVID A. KASEN, Esq.
                                  KASEN & KASEN, P.C.
                                  1874 E. Marlton Pike
                                  Suite 3
                                  Cherry Hill, NJ 08003
                                  (856) 424-4144
                                  Attorney for Debtor-Appellant,
                                  Eileen T. Adams

## <u>**TABLE OF CONTENTS**</u>

<u>STATEMENTS & SUMMARIES</u>                                        <u>Page</u>

1.    Subject Matter & Appellate Jurisdiction              1

2.    Issues                                                3

3.    Related Cases and Proceedings                         3

4.    Concise Statement of the Case setting out the         4
      Following:
      a.  Relevant Facts                                    4
      b.  Procedural history                                9
      c.  Rulings presented for review                      17

5.    Summary of Argument                                   18

<u>ARGUMENT</u>

1.    Argument with each issue prefaced by its Standard     19
      Or Scope of Review
      a.  Preliminary Statement                             19
      b.  Facts                                             21
      c.  Assignment from MERS to EverBank                  23
      d.  No Claim, No Valid Right to Payment and
          Therefore, No Standing                            25
      e.  Nationstar Mortgage, LLC, the Movant Herein, Was
          Never a Party in the Foreclosure Litigation in the
          Courts of the State of New Jersey                 26
      f.  Recent Decision with regard to Non Applicability
          Of *Rooker-Feldman* Doctrine                      30

2.    Conclusion                                            34

Certificate of Bar Membership                               36

Certificate of Compliance                                   37

Certificate of Service                                      38

# <u>TABLE OF CITATIONS</u>

|  | <u>Page</u> |
|---|---|
| 28 U.S.C. § 1331 | 1 |
| 28 U.S.C. § 157(b) | 1 |
| 28 U.S.C. 1334(b) | 1 |
| 28 U.S.C. § 158(a) | 1, 2 |
| 28 U.S.C. § 1291 | 2 |
| U.S.C. § 362(d)(1) | 19 |
| U.S.C. § 362(d)(4) | 19 |
| U.S.C. § 362(d) | 19, 20, 21 |
| U.S.C. § 101(10)(A) | 20 |
| U.S.C. § 101(5)(A) | 20 |
| U.S.C. § 362(a)(2) | 33 |
| N.J.R. 4:61-4A | 26 |
| N.J.R.4:64-1(b)(10) | 29 |
| *United States v. Pelullo*, 178 F. 3d 196, 200 (3d Cir. 1999) | 1 |
| *In re Comer*, 716 F. 2d 168, 172 (3d Cir. 1983) | 1 |
| *Farzan v. Bayview Loan Servicing LLC*, No. 20-03330, 2021 WL 613843 at *3 (D.N.J. Feb. 17, 2021) | 2 |
| *Sovereign Bank v. Schwab*, 414 F.3d 450, 452 n.3 (3d Cir. 2005) | 2 |
| *In re Farrington, No. 17-26505, 2019 WL 1149881 at 3** | 2 |

*(D.N.J. Mar. 11, 2019)*

*In re Brannon*, 476 F. 3d 170,173 (3d Cir. 2007)      2

*In re United Healthcare Sys., Inc.,* 396 F.3d 247, 249 (3d Cir. 2005)    2

*DreamBuilders Invs. V. Merscorp Holdings, Inc.,* 2022      24
U.S. Dist. LEXIS 36141, 2022 W.L. 596102 (2022)

*Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923)      31

*App. v. Feldman*, 460 U.S. 462 (1983)      31

*In re Wilson*, 116 F.3d 87, 90 (9th Cir. 2000)      31

*In re Gruntz*, 202 F.3d 1074, 1082 (9th Cir. 2000)      31

*In re Oakwood Acceptance Corp.*, 308 B.R. 81, 85      32
(Bankr. D. N.M. 2004)

*In re Hall*, 2024 WL 1023129 (Bankr. D. Kan.)      32

*BioConvergence LLC v. Attariwala*, 2020 WL 1915269,      32
(S.D. Ind.)

*In re Benalcazar*, 283 B.R. 514, 528 (Bankr. N.D. Ill. 2002)      33

*In re Franco*, 574 B.R. 730, 737 (Bankr. D.N.M. 2017)      33

*In re S-TEK I, LLC*, 625 B.R. 519, 525 (Bankr. D.N.M. 2020)      33

*Wagner v. Union State Bank* (*In re Wagner*), 2019 WL      33
1995606 (Bankr. D. Kan.)

*In re Ebel*, 139 Fed. Appx. 26, 29 (10th Cir. 2005)      33

*Schwartz v. United States*, 954 F.2d 569, 570–71 (9th Cir.1992)      33

*NLRB v. Edward Cooper Painting, Inc.*, 804 F.2d 934, 940      33
(6th Cir.1986)

*Chao v. Hosp. Staffing Servs., Inc.*, 270 F.3d 374, 384    34
(6th Cir. 2001)

*Roslyn Savings Bank v. Comcoach Corp. (In Re Comcoach*    20
*Corp.),* 698 F.2d 571,573 (2d Cir. 1983)

*In Re Miller v. Deutsche Bank Nat'l Trust Co.,*    29
666 F.3d 1255 (10th Cir. 2012)

## STATEMENTS & SUMMARIES

### 1.    Subject Matter & Appellate Jurisdiction

The Court has appellate jurisdiction over the final order of the District Court for the District of New Jersey (the "District Court") entered on January 4, 2024 affirming the Order of the United States Bankruptcy Court for the District of New Jersey's Order entered on October 14, 2022 and dismissing Debtor-Appellant's appeal thereof. The District Court possessed subject matter jurisdiction pursuant to 28 U.S.C. § 1331.  Debtor-Appellant Eileen Adams timely filed her Notice of Appeal on February 5, 2024.

The Bankruptcy Court had jurisdiction, pursuant to 28 U.S.C. §§ 157(b) and 1334(b), over Adams' Chapter 13 petition.  The District Court had jurisdiction, pursuant to 28 U.S.C. § 158(a), over Adams' appeal from the Bankruptcy Court's order lifting the automatic stay.  *See United States v. Pelullo*, 178 F. 3d 196, 200 (3d Cir. 1999) (holding that order lifting automatic stay in bankruptcy proceeding is appealable); *In re Comer*, 716 F. 2d 168, 172 (3d Cir. 1983) (holding that bankruptcy court's order lifting automatic stay "is final in the sense that it completes litigation on the question and subjects the property to a foreclosure action in state court").  This Court has jurisdiction, pursuant to 28 U.S.C. §§ 158(d)

and 1291 and Federal Rule of Appellate Procedure 6(b), over Adams' appeal from

the District Court's final order affirming the order of the Bankruptcy Court.

The District Court in its opinion held as follows with regard to the legal

standard to be applied:

> "This Court has jurisdiction under 28 U.S.C. §
> 158(a). With regard to bankruptcy appeals, "the nature
> of the issues presented on appeal determines the proper
> standard of review." *Farzan v. Bayview Loan Servicing
> LLC*, No. 20-03330, 2021 WL 613843 at *3 (D.N.J. Feb.
> 17, 2021)(internal citations and quotations omitted).
> Legal determinations are reviewed *de novo*, while a
> bankruptcy court's factual determinations are reviewed
> under the clearly erroneous standard. *See Sovereign
> Bank v. Schwab*, 414 F.3d 450, 452 n.3 (3d Cir. 2005).
>
> Here, Appellant objects to the legal conclusion
> reached by the USBC in its Letter Opinion issued on
> December 29, 2021, that stated the *Rooker-Feldman*
> Doctrine bars subject matter jurisdiction over the issue of
> Appellee's standing. App. Br. At 10. Such requires the
> Court to review the issue standing *de novo*. *See Farzan*,
> 2021 WL 613843 at *3 (citing *In re Farrington, No. 17-
> 26505, 2019 WL 1149881 at 3* (D.N.J. Mar. 11, 2019)
> (applying de novo* review when a bankruptcy court
> invoked the *Rooker-Feldman* Doctrine))."

The Third Circuit's review of the District Court's order is plenary. *In re

Brannon*, 476 F. 3d 170,173 (3d Cir. 2007). The Third Circuit applies the same

standards as the District Court, examining the Bankruptcy Court's legal

conclusions *de novo* and reviewing its factual findings for clear error. *In re United

Healthcare Sys., Inc.,* 396 F.3d 247, 249 (3d Cir. 2005).

## 2.    Issues

A.    Did the District Court err in finding that the Debtor-Appellant's appeal must be dismissed due to lack of jurisdiction pursuant to the applicability of the *Rooker-Feldman* doctrine, with regard to the motion for relief from the automatic stay brought by Nationstar Mortgage, LLC in the Bankruptcy Court when Nationstar was not a party in the state court foreclosure action of EverBank v. Eileen Adams and never entered an appearance in the foreclosure action and who held an invalid assignment of mortgage that was never authorized by the original mortgagee or its successor or assigns (AmTrust Bank).

B.    Did Nationstar Mortgage, LLC have standing to bring a motion for relief from the automatic stay under section 362(d) of the Bankruptcy Code when it was not a party in interest and did not have a right to payment from the debtor?

C.    Was there a valid assignment of mortgage executed by MERS with respect to the mortgage that John J Tierney, II, the father of Eileen Adams, executed in favor of AmTrust Bank after AmTrust Bank was shut down and liquidated by the FDIC in December 2009?

## 3.    Related Cases and Proceedings

This case has not been before this Court previously.  Appellant is not aware of any related cases currently pending before this Court.

**4.    Concise Statement of the Case setting out the following:**

**a.  Relevant Facts**

Eileen Adams was the sole owner of 32 Timberline Drive, Voorhees, NJ 08043, where she resided with her husband Gary and two children, one of which is severely handicapped.

Her husband, Gary Adams, and Eileen Adams became the owners of 32 Timberline Drive, Voorhees, NJ 08043 in December of 2004. They deeded the property to her father John J. Tierney II by deed dated June 19, 2008. On or about May 4, 2009, her father John J. Tierney II borrowed $360,000 from AmTrust Bank as evidenced by a promissory note (e-note). Her father was the sole signer of the Promissory Note (an e-note). Neither her husband nor Eileen Adams were obligors to the lender AmTrust Bank. The only obligor was her father John J. Tierney II. Neither her husband nor Eileen Adams signed the Promissory Note.

To collateralize the note, her father John J. Tierney II executed a mortgage, also dated May 4, 2009 in favor of "MERS", which according to the mortgage, is a separate corporation acting solely as nominee for the lender (AmTrust Bank) and lender's successors and assigns. According to the mortgage, MERS is the mortgagee under the security agreement. The mortgage indicates that AmTrust Bank is the lender and the beneficiary under the security agreement. On August 14,

2009, her father John J. Tierney II passed away.

A specific bequest on page two of the Last Will and Testament of John J. Tierney, paragraph E states as follows: "E. I give my real estate, located at 32 Timberline Drive, Voorhees, NJ, free and clear of all liens and encumbrances, to my daughter, Eileen Adams, provided that she shall survive me."

Letters Testamentary were issued to Eileen Adams' brother, John J. Tierney III, and an attorney, David Lyle Segal, to be executors of the Last Will and Testament of Eileen Adams' father. A change of ownership of the specifically devised property at 32 Timberline Drive, Voorhees, NJ 08043 free and clear of all liens and encumbrances occurred by operation of law at the instant of John J. Tierney II's death on August 14, 2009. It was at that time that Eileen Adams became the owner of the property.

Title vested in Eileen Adams automatically upon the death of her father, pursuant to the specific bequest in the will. An executor's deed was subsequently recorded in Camden County deeding 32 Timberline Drive, Voorhees, NJ to her.

Eileen Adams learned many years later that on December 4, 2009, as a result of bank failure (AmTrust Bank was shut down by the Office of Thrift Supervision), AmTrust Bank was placed into receivership and the Federal Deposit Insurance Corporation was named receiver.

The assets of Amtrust Bank were sold to New York Community Bank

("NYCB") by the FDIC, as Receiver, except Eileen Adams ultimately found out that the Tierney mortgage to Amtrust Bank was never sold because it belonged to and was owned by Fannie Mae and to this day still belongs to Fannie Mae.

Under paragraph 3.1 of the purchase and assumption agreement between the FDIC and New York Community Bank, all the assets of the failed bank, AmTrust Bank, were sold to New York Community Bank with certain exceptions.

On November 21, 2013, AmTrust Bank no longer existed because it had failed and was shut down, and all of its assets were sold by the FDIC to New York Community Bank in 2009. Nevertheless, an Assignment of Mortgage dated November 21, 2013 (approximately four years after AmTrust Bank was shut down), in which Mortgage Electronic Registration Systems, Inc. acting solely as nominee for AmTrust Bank, its successors and assigns, was given to Everbank. It was impossible for Mortgage Electronic Registration Systems, Inc (MERS) to give an assignment of the Tierney mortgage on November 21, 2013, because AmTrust Bank no longer existed and MERS had no authority to assign the AmTrust mortgage.

The Assignment of Mortgage from Mortgage Electronic Registration Systems, Inc. acting solely as nominee for AmTrust Bank, its successors and assigns, to Everbank dated November 21, 2013 is not valid because the assets of AmTrust Bank were sold by the FDIC to New York Community Bank in

6

December of 2009 and the Tierney mortgage remained as an asset of Fannie Mae.

The Assignment of Mortgage between Mortgage Electronic Registration Systems, Inc. acting solely as nominee for AmTrust Bank and Everbank only assigns the interest in the mortgage. There is no indication in the Assignment of Mortgage that it also assigned any interest in the original promissory note.

The Mortgage was assigned <u>again</u> by Everbank, through its attorney in fact Nationstar Mortgage, LLC to Nationstar Mortgage, LLC on July 26, 2016. Even though Everbank executed a Mortgage Assignment in favor of Nationstar Mortgage, LLC on July 26, 2016, this Assignment of Mortgage was never revealed to the Superior Court of New Jersey, Chancery Division, despite that the Assignment of Mortgage occurred on July 26, 2016, approximately nine months before the Final Judgment of Foreclosure was entered on March 21, 2017.  No substitution of plaintiff was ever filed with the Superior Court by Everbank or Nationstar Mortgage, LLC to reveal to the Superior Court that Nationstar Mortgage, LLC claimed to be the plaintiff as real party in interest by virtue of the Assignment of Mortgage to it.

The mortgage assignment to Everbank in November of 2013 could not be valid. AmTrust Bank was shut down by the FDIC in December of 2009. Again, the corporate assignment of mortgage assigns only the mortgage and makes no reference to assigning the promissory note.

7

The May 4, 2009 promissory note (e-note) between John J. Tierney II as borrower and AmTrust Bank as lender was never assigned to the plaintiff, Everbank, and thus, at the time that the Foreclosure Complaint was filed, Everbank was not the holder of the May 4, 2009 Promissory Note.

Although Eileen Adams is the owner of 32 Timberline Drive, Voorhees, NJ 08043, she is neither the obligor on the Note nor the mortgagor on the Mortgage that was given by her father to AmTrust Bank. Her husband and Eileen Adams filed a Chapter 7 Bankruptcy on March 21, 2017 and they were discharged of their debts by an Order of Discharge entered by the Court on June 30, 2017. Everbank, which alleged that it held the mortgage on the property, was named as a disputed creditor, and her personal liability to Everbank was discharged. It should also be noted that the foreclosure action was filed by Everbank in the Superior Court of New Jersey, Chancery Division, Camden County, Docket No. F-035591-14 on August 26, 2014 and that the Judgment of Foreclosure was entered on March 21, 2017. It should be noted again, however, that Everbank never revealed to the Superior Court of New Jersey that the mortgage that Everbank allegedly held was assigned to Nationstar Mortgage, LLC on July 26, 2016, even though this assignment was in existence prior to the entry of the foreclosure judgment on March 21, 2017, the same day that she filed her Chapter 7 petition with her husband Gary Adams. The alleged present holder of the Mortgage on her property,

Nationstar Mortgage, LLC, was never substituted as the plaintiff in the foreclosure action despite the alleged Assignment of Mortgage from Everbank to Nationstar Mortgage, LLC on July 26, 2016. The Plaintiff in the foreclosure action and in the final judgment of foreclosure has never changed. It is still Everbank, even though there is a recorded assignment of mortgage on July 26, 2016.

The bottom line is that the mortgage being foreclosed on by the plaintiff EverBank is invalid. The Court was never informed of the assignment of the invalid mortgage to Nationstar Mortgage, LLC on July 26, 2016, and on the date of the filing of the Foreclosure Complaint, the plaintiff EverBank was not the holder of the May 4, 2009 Promissory Note, which is the underlying obligation on the Mortgage allegedly being foreclosed.

### b.  Procedural History

On August 26, 2014, the Foreclosure Complaint in the above-entitled matter was filed by Everbank.

On January 9, 2015, an Answer to the Foreclosure Complaint was filed by defendant-Pro Se, Eileen T. Adams, alleging, among other things, a lack of standing on the part of the plaintiff, and lack of proper parties.

On April 22, 2015, plaintiff EverBank responded to discovery requests. (There was no indication in the discovery responses of Everbank of failure to hold a valid Assignment of Mortgage and no indication of failure to hold the Promissory

Note. The responses do not indicate an unbroken chain of title from the lender AmTrust Bank to EverBank.)

On September 1, 2015, EverBank filed a Motion to strike Eileen Adams' Answer.

On October 8, 2015, the Motion was granted.

On July 26, 2016, Everbank by Nationstar Mortgage, LLC, its attorney in fact, assigned the Mortgage to Nationstar Mortgage, LLC. Even though Everbank assigned the invalid Mortgage to Nationstar Mortgage, LLC, there was no representation to the Court below that EverBank was not the true party in interest as of July 26, 2016, the date of the assignment.

On February 22, 2017, the attorneys for Everbank filed a Motion for Final Judgment on behalf of Everbank. There was no representation to the Court in the Motion that Everbank no longer held the Mortgage nor that Everbank never held the Note.

On March 21, 2017, Gary and Eileen Adams filed a Chapter 7 Bankruptcy Petition under Bankruptcy Case No. 17-15449-ABA.

On the same exact day (March 21, 2017) that Gary and Eileen Adams filed a Chapter 7 bankruptcy case, the Final Judgment of Foreclosure was entered in the above-entitled matter.

On March 21, 2017, Presiding Chancery Judge Nan S. Famular entered an

Order to Stay (Bankruptcy).

On June 30, 2017, the Bankruptcy Court entered an Order of Discharge discharging Gary Adams and Eileen Adams from their debts, and then the case was closed.

On January 9, 2018, Eileen T. Adams filed a Chapter 13 bankruptcy, again putting the automatic stay into effect under case number 18-10466-ABA.

Nationstar Mortgage, LLC, d/b/a Mr. Cooper, filed a Motion for Relief from Stay in the bankruptcy case under Chapter 13, and Eileen T. Adams as debtor filed a Motion to Expunge the Claim of Nationstar Mortgage, LLC, d/b/a Mr. Cooper. An Order was entered by the Bankruptcy Court on January 22, 2019 granting a Motion for Relief from a Co-Debtor stay of John J. Tierney, II and an Order was entered on January 23, 2019 denying Eileen T. Adams' Motion to Expunge the Claim of Nationstar Mortgage, LLC.

An Order was entered by the Bankruptcy Court on September 6, 2018 granting limited relief so that the debtor, Eileen T. Adams, could file a Motion to Vacate the Final Judgment in the State Court.

Pursuant to the Bankruptcy Court Order Granting Limited Relief from Stay to the Debtor, Eileen Adams, to file a Motion to Vacate the Final Judgment of Foreclosure in the State Court, Eileen Adams filed a Motion Seeking an Order Vacating the Foreclosure Judgment on September 26, 2019.

11

An Order to Vacate the Previous Judgment of Foreclosure was granted by the Office of Foreclosure, but subsequently, a notice was received that the Order was entered in error and that a new Motion to Vacate had to be filed to be heard by the Presiding Judge in the Chancery Division.  On October 19, 2018, a new Motion to Vacate the Foreclosure Judgment was filed. Oral argument was heard on November 9, 2018. An Order Denying the Motion to Vacate the Foreclosure Judgment was entered by the Court on November 30, 2018. A Motion to Reconsider the Denial of the Motion to Vacate the Foreclosure Judgment was filed on December 19, 2018. Oral argument was heard on January 11, 2019. An Order denying the Motion to Reconsider was entered by the Court on January 15, 2019. A Notice of Appeal was filed on February 8, 2019 with the Superior Court of New Jersey, Appellate Division, under docket number A-2435-18. The Superior Court of New Jersey, Appellate Division, on July 15, 2020, affirmed the Trial Court's Order of November 30, 2018 denying Eileen Adams' Motion to Vacate Final Judgment of Foreclosure and affirmed the Court's January 15, 2019 Order denying Eileen Adams' Motion for Reconsideration. Eileen Adams filed a Petition for Certification with the New Jersey Supreme Court on August 3, 2020 under case number 084815, which was denied by the New Jersey Supreme Court on October 20, 2020.

Eileen Adams voluntarily dismissed her Chapter 13 case, docket number 19-10466-ABA, on January 29, 2019.

On March 5, 2019, Gary D. Adams, husband of Eileen T. Adams, filed a Chapter 13 petition with the United States Bankruptcy Court for the District of New Jersey under case number 19-14488-ABA. On June 27, 2019, the Debtor's Chapter 13 Plan was confirmed by Order of the Court on December 29, 2021. On December 21, 2021 The Debtor filed a Motion to Impose the Automatic Stay, and in addition filed a Motion for Damages of Creditor Misconduct against Nationstar Mortgage, LLC d/b/a Mr. Cooper. The Motions were denied by the Bankruptcy Court on December 29, 2021. The Court issued a Letter Opinion on that same day. In the Letter Opinion, the Court states in a footnote as follows: "Any further challenges to the state court foreclosure action and/or the Judgment of Foreclosure are inappropriate in this court as barred by estoppel, res judicata and/or the Rooker-Feldman doctrine, and perhaps, the Entire Controversy Doctrine."

On April 22, 2022, Eileen T. Adams filed a new Chapter 13 petition with the United States Bankruptcy Court, which was assigned case no 22-13384-ABA. On that same day, the Automatic Stay under Section 362 of the Bankruptcy Code went into effect. On August 15, 2022, a Motion for Relief From Stay and Prospective Relief was filed by Nationstar Mortgage, LLC which is docket number 23 on the Bankruptcy Court's docket. On October 4, 2022, Eileen Adams filed a

13

Certification in Opposition to the Motion of Nationstar Mortgage, LLC for Relief From Stay and For In Rem Relief which is docket number 27 on the Bankruptcy Court docket. On October 4, 2022, the Debtor Eileen T. Adams also filed a Brief in Opposition to Motion for Relief from the Automatic Stay and For In Rem Relief from Stay which is docket number 26 on the Bankruptcy Court's docket. On October 14, 2022, the Court issued its Order Vacating Stay and Granting In Rem Relief from Stay. That Order is docket number 29 on the Bankruptcy Court's docket. Eileen Adams, the Debtor-Appellant, filed a timely appeal with the United States District Court for the District of New Jersey of the Bankruptcy Court order. The District Court entered on order on January 4, 2024 affirming the order of the United States Bankruptcy Court for the District of New Jersey on the basis that the *Rooker-Feldman* doctrine applied requiring the District Court to dismiss the Debtor-Appellant's appeal because that doctrine bars review of the state court ruling with regard to the issue of the secured creditor-appellee's standing. Immediately after the ruling of the District Court affirming the Bankruptcy Court decision, EverBank rescheduled the sheriff sale of the Debtor-Appellant's home located at 32 Timberline Dr., Voorhees, NJ.  Pursuant to a writ of execution issued in favor of EverBank, the sheriff sale was held on May 15, 2024 at which time, Eileen Adams and her husband, Gary Adams, were the high bidder to buy back their own house at the sheriff sale for the sum of $475,000.  Pursuant to that

14

sheriff's sale, a sheriff's deed was issued in favor of Eileen Adams and Gary Adams, her husband, on May 15, 2024. A copy of the sheriff's deed is set forth in the Appendix at 303a. This sheriff sale was held even though EverBank never obtained relief from the automatic stay. Relief from the automatic stay was obtained by Nationstar Mortgage, LLC, but Nationstar Mortgage, LLC was never the plaintiff in the foreclosure action and was never a creditor or party in interest of Eileen Adams. Thus, it is the position of the Debtor-Appellant, Eileen Adams, that the sheriff sale violated the automatic stay provisions of the Bankruptcy Code and is void *ab initio*.

Attached to the Certification of Eileen Adams (docket number 26 on the Bankruptcy Court docket) in Opposition to Motion of Nationstar Mortgage, LLC For Relief From the Automatic Stay and for In Rem Relief from Stay are exhibits which are a collection of documents relevant to this case. The Exhibits to the Certification in Opposition to Motion of Nationstar Mortgage, LLC For Relief From the Automatic Stay and for In Rem Relief from Stay are as follows: Debtor-Appellant Appendix 161a: note for e-signature given by John J. Tierney II to AmTrust Bank on May 4, 2019; Debtor-Appellant Appendix 166a: recorded mortgage between John J. Tierney and MERS, acting solely as nominee for AmTrust Bank, its successors and assigns; Debtor-Appellant Appendix 183a: letter dated December 4, 2009 from the Office of Thrift Supervision appointing the

15

FDIC as receiver for AmTrust Bank; Debtor-Appellant Appendix 189a: assignment of mortgage from MERS acting solely as nominee for AmTrust Bank, its successors and assigns to Everbank recorded with the Clerk of Camden County dated November 24, 2013; Debtor-Appellant Appendix 191a: corporate assignment of mortgage dated January 26, 2018, assigning mortgage from Everbank to Nationstar Mortgage, LLC; Debtor-Appellant Appendix 193a: final judgment of foreclosure dated March 24, 2017; Debtor-Appellant Appendix 197a: MERS e-note transaction history; Debtor-Appellant Appendix 199a: e-note information supplied by Nationstar Mortgage, LLC; Debtor-Appellant Appendix 206a: copy of cover page attached to mortgage by Everbank in support of Motion for Entry of Final Judgment in State Court; Debtor-Appellant Appendix 208a: copy of residential mortgage foreclosure complaint filed with the Superior Court of New Jersey; Debtor-Appellant Appendix 221a: certification of diligent inquiry to be annexed to residential mortgage foreclosure complaint filed by attorneys for Plaintiff, Everbank, in State Court; Debtor-Appellant Appendix 226a: Order from Office of Thrift Supervision to AmTrust Bank to cease and desist dated November 18, 2008; Debtor-Appellant Appendix 244a: copy of email from mortgage research to David Kasen, counsel for Debtor, showing that servicing rights were sold to Everhome Mortgage on January 9, 2010, but not the loan itself; Debtor-Appellant Appendix 247a: hyperlink showing that Fannie Mae still owns the Tierney loan;

16

Debtor-Appellant Appendix 250a: goodbye letter sent from the FDIC to John J. Tierney, II dated December 15, 2009; Debtor-Appellant Appendix 253a: notice of intention to foreclose; Debtor-Appellant Appendix 265a: proof of amount due affidavit and schedule filed by Everbank in support of motion for entry of foreclosure judgment dated February 17, 2017 which fails to mention that there was an assignment of mortgage from Everbank to Nationstar Mortgage, LLC; Debtor-Appellant Appendix 270a: additional Fannie Mae look up results indicating that Fannie Mae owns the loan; Debtor-Appellant Appendix 272a: additional Fannie Mae look up results as of October 3, 2022 showing Fannie Mae still owns the loan; Debtor-Appellant Appendix 275a: letter from Everbank to estate of John J. Tierney II dated October 15, 2019 showing that there was a servicing transfer to Nationstar Mortgage, LLC effective November 1, 2015.

### c. Rulings presented for review

Whether the District Court erred in finding that the Debtor-Appellant's appeal must be dismissed due to lack of jurisdiction pursuant to the applicability of the *Rooker-Feldman* Doctrine, with regard to a motion for relief from the automatic stay brought by Nationstar Mortgage, LLC, who was not a party in the State Court foreclosure action of EverBank v. Eileen Adams and never entered an appearance in the foreclosure action, and who held an assignment of mortgage that

was invalid because there was a previous assignment of mortgage that was never

authorized by the original mortgagee or its successor or assigns.


5.      **Summary of Argument**

A.      *Rooker-Feldman* places no bar to a Bankruptcy Courts authority to

determine the extent of, and enforce, the automatic stay.  Thus, the District Court

erred when it ruled that the Debtor-Appellant's appeal must be dismissed due to

lack of jurisdiction pursuant to the applicability of the *Rooker-Feldman* Doctrine,

with regard to the motion for relief from the automatic stay brought by Nationstar

Mortgage, LLC who was not a party in the state foreclosure action of EverBank v.

Eileen Admas and never entered an appearance in that foreclosure action.

B.      Nationstar Mortgage, LLC was not a party in interest able to bring a

motion for relief from the automatic stay under Section 362(d) of the Bankruptcy

Code and did not have a right to payment from the debtor.

C.      There was no valid assignment of the mortgage given by John J.

Tierney, II, the father of Eileen Adams, to Amtrust Bank by MERS, who assigned

the mortgage to EverBank after Amtrust Bank was shut down and liquidated by the

FDIC in December 2009.

D.      The plaintiff in the foreclosure action, namely, EverBank, lied about

having a valid assignment of mortgage from MERS and lied about being the owner

of the note from John J. Tierney, II when in fact, the record shows that the true

owner of the obligation is Fannie Mae.  The state court allowed the big lie to

continue and that big lie was adopted by the Bankruptcy Court and the District

Court by virtue of its application of the *Rooker-Feldman* doctrine.

## **ARGUMENT**

1.      **Argument with each issue prefaced by its Standard**
        **Or Scope of Review**

### **A. Preliminary Statement**

This is an appeal of the District Court's order affirming the Bankruptcy

Court's Order Granting Nationstar Mortgage, LLC's Motion for Relief from Stay

under Section 362(d)(1) of the Bankruptcy Code so that it could continue a New

Jersey State Court mortgage foreclosure on the Debtor's home, which she owns

and is located at 32 Timberline Drive, Voorhees, NJ 08043. She lives there with

her husband and children, one of which is severely disabled. Nationstar Mortgage,

LLC was also granted prospective relief under Section 362(d)(4) of the Bankruptcy

Code.

A Motion under Section 362(d) may only be brought by a party in interest.

Nationstar Mortgage, LLC, the Movant herein, is not a party in interest, and

therefore had no standing to request Relief from the Automatic Stay and for

Prospective Relief pursuant to Section 362 of the Bankruptcy Code. The

Bankruptcy Code does not define the term "party in interest" for the purposes of Section 362. However, case law indicates that in order to invoke a Court's power to grant relief under Section 362(d) , a party must be either a creditor or the Debtor of the Bankruptcy estate. See, e.g., <u>Roslyn Savings Bank v. Comcoach Corp. (In Re Comcoach Corp.), 698 F.2d 571,573 (2d Cir. 1983).</u>

The Appellant, Eileen Adams, is the Debtor. Therefore, the Movant, Nationstar Mortgage, LLC, must be a creditor with standing to bring a Motion under Section 362(d).

A creditor is defined under section 101(10)(A) of the Bankruptcy Code as an entity that has a claim against the Debtor and a claim is defined under the Bankruptcy Code, Section 101(5)(A) as a "right to payment". Thus, for Nationstar Mortgage, LLC to be a party in interest to bring a Motion for Relief from Stay under Section 362(d), Nationstar Mortgage, LLC has to have a right to payment from the Debtor and therefore, have a claim. Nationstar Mortgage has no right to payment from Eileen Adams and has no claim against Eileen Adams. It is not a party in interest and therefore had <u>no standing to bring the Motion under Section 362(d).</u>

It is the position of the Debtor-Appellant, Eileen Adams, that Nationstar Mortgage, LLC has no valid right to payment and therefore has no claim against the Debtor. Therefore, Nationstar Mortgage, LLC lacked standing to file the

Motion. The Bankruptcy Judge never examined Nationstar Mortgage, LLC's right to payment. The Bankruptcy Court never conducted a proper statutory analysis under Section 362(d) and incorrectly relied on the *Rooker-Feldman* Doctrine, and incorrect State Court rulings, which were based on lies and mistruths from a Foreclosure Plaintiff in the State Court proceedings, namely, Everbank, the State Court Plaintiff. Nationstar Mortgage, LLC, the Movant herein, has never been a party in the State Court Foreclosure proceedings. Why does the Debtor-Appellant, Eileen Adams, say that Nationstar Mortgage, LLC had no right to payment from her and therefore no valid claim against her? Why does Eileen Adams say that therefore Nationstar Mortgage, LLC has no standing to bring a Motion for Relief from Stay in for Prospective Relief under Section 362(d) of the Bankruptcy Code? We know must examine the true facts, which the Bankruptcy Court failed to do.

### B. Facts

We must look to the chronology of events.

John J. Tierney, II, the father of Eileen Adams, bought 32 Timberline Dr, Voorhees, NJ from Eileen Adams and her husband Gary Adams on June 19, 2008. On May 4, 2009, John J Tierney II borrowed $360,000.00 from AmTrust Bank, as evidenced by a promissory note (an e-note). Her father was the sole signer of the promissory note (the e-note). Neither, Eileen Adams nor her husband, Gary Adams were obligors to the lender, AmTrust Bank. Thus, Eileen Adams was not obligated

to pay AmTrust Bank. AmTrust Bank had no right of payment from Eileen Adams. To collateralize the note, her father, John J. Tierney II executed a mortgage on that same day of the loan to him, May 9, 2009, in favor of MERS, which according to the wording in the mortgage "is a separate corporation acting solely as a nominee for the lender (AmTrust Bank) and lender successors and assigns decreeing the mortgagee, MERS, as the mortgagee under the security agreement. The mortgage states that AmTrust Bank as the lender is "the beneficiary under the security agreement".

On August 14, 2009, the mortgagor, John J. Tierney II, passed away and in his Last Will and Testament in Paragraph E he states as follows: "I give my real estate located at 32 Timberline Dr., Voorhees, NJ, free and clear of liens and encumbrances to my daughter, Eileen Adams, provided that she survives me".

Title vested in the Voorhees property automatically upon the death of her father pursuant to a specific bequest in his Will. Eileen Adams' brother and the brother's attorney were named as executors of the Estate of John Tierney II, and they executed an Executor's Deed to the property in favor of Eileen Adams, which was recorded with the Clerk of Camden County.

Many years later, in the course of investigation by Eileen Adams, she learned that on December 9, 2009, as a result of a bank failure that AmTrust Bank was placed into the receivership by the Office of Thrift Supervision, and the

Federal Deposit Insurance Corporation was named as receiver. The assets of AmTrust Bank were sold by the FDIC at the end of 2009 and early 2010 to New York Community Bank, except Eileen Adams ultimately found out that the Tierney mortgage to AmTrust Bank was never sold because it belongs to, and it was owned by Fannie Mae as part of a securitized loan transaction. To this day, the Tierney loan and mortgage is still owned by Fannie Mae.

On December 15, 2009, a goodbye letter was sent to the deceased Tierney. A copy is attached as Debtor-Appellant Appendix 250a. It indicates that the servicing of the loan was transferred from AmTrust Bank to Everhome Mortgage Company (not Everbank). The letter does not indicate that the ownership of the loan was transferred, just the servicing. The ownership of the loan remains with Fannie Mae from the beginning to the present. See Debtor-Appellant Appendix 244a.

### C. Assignment from MERS to Everbank (the standard of review of this court is plenary and legal conclusions are reviewed de novo and factual findings are reviewed for clear error)

On November 21, 2013, MERS, the mortgagee acting solely as a nominee for the lender, AmTrust Bank and its successors and assigns executed an assignment of the mortgage to Everbank by way of a written assignment to Everbank of mortgage which assignment was recorded on December 12, 2013 in the Office of the Clerk of Camden County. So how could MERS, acting solely as

23

nominee for the lender, AmTrust Bank and its successors and assigns, assign a mortgage in November 2013 to Everbank, when AmTrust Bank failed to exist by virtue of its shutdown and liquidation by the FDIC in December 2009? MERS could not be acting solely for an entity that no longer existed. MERS could not be acting for AmTrust Bank or successors because there were no successors. MERS could not be acting for AmTrust Bank assigns, because there were no assigns. There was nothing that gave MERS in November 2013 the right to assign the mortgage to Everbank. The United States District Court for the Southern District of New York, District Court Judge Edgardo Ramos, U.S.D.J. stated in *DreamBuilders Invs. V. Merscorp Holdings, Inc.,* 2022 U.S. Dist. LEXIS 36141, 2022 W.L. 596102 (2022) as follows:

> "The membership rules and procedures also state that MERSCORP cannot hold liens owned or serviced by terminated members *Id.* ¶ 36. The terminated member is responsible for executing a release of the security instrument upon termination. *Id.* ¶ 40. MERSCORP is required to provide notice to the terminated member regarding their release responsibilities, and if the terminated member fails to take proper action, MERSCORP has the right to release the liens that MERSCORP is holding on their behalf. *Id.* ¶ *41;* Doc. 7-1 at 14-15. After DreamBuilder's termination, MERSCORP was not able to identify all of the liens MERSCORP might be holding on Dreambuilder's failure to properly update the system. Doc. 7 ¶37."

The foreclosure plaintiff, Everbank has never produced a single piece of paper that shows that MERS was acting on behalf of AmTrust Bank, its successors or assigns in November 2013 when the mortgage was assigned to Everbank. Neither has Nationstar Mortgage LLC, the Movant herein, which claims it received a valid assignment of mortgage from Everbank, ever produced a single piece of paper to show that its link in the chain of title emanates from AmTrust Bank prior to its shut down and liquidation.

### D. No Claim, No Valid Right to Payment, and Therefore, No Standing (the standard of review of this court is plenary and legal conclusions are reviewed de novo and factual findings are reviewed for clear error)

Nationstar Mortgage, LLC holds no promissory note where Eileen Adams is an obligor. Further, Eileen Adams and her husband, Gary Adams filed a Chapter 7 Bankruptcy in 2017 and Eileen Adams discharged all of her debts. Nationstar Mortgage has no claim against Eileen Adams.

Nationstar Mortgage, LLC also holds no valid mortgage against 32 Timberline Dr., Voorhees, New Jersey because it never got a valid assignment of mortgage from Everbank, who never got a valid assignment of mortgage from MERS. The chain of title has to be continuous and if the chain of title is broken, there can be no future valid assignments. MERS had no authority to assign a mortgage to Everbank, because AmTrust Bank no longer existed by virtue of the

shutdown and liquidation of the FDIC. The mortgage given by Tierney is still owned by Fannie Mae according to Fannie Mae, and not by Nationstar Mortgage, LLC. Nationstar Mortgage, LLC has no valid claim, no right to payment from Eileen Adams, and therefore, no standing.

> **E. Nationstar Mortgage, LLC, the Movant Herein, Was Never a Party in the Foreclosure Litigation in the Courts of the State of New Jersey (the standard of review of this court is plenary and legal conclusions are reviewed de novo and factual findings are reviewed for clear error)**

The foreclosure action in the Superior Court of New Jersey, Chancery Division for Camden County, Docket No. F-0355-91-14 was filed by Everbank on August 26, 2014 where the mortgage foreclosure complaint recites that John J. Tierney II executed the note in favor of AmTrust Bank and that the mortgage was given to MERS, a nominee from Amtrust Bank. See Debtor-Appellant Appendix 27a. Nowhere in the mortgage foreclosure complaint does it show that AmTrust Bank was shut down by the FDIC and all of its assets sold by the FDIC with the exception of the Tierney note and mortgage, which was and is still owned by Fannie Mae. In connection with the filing of the mortgage foreclosure mortgage complaint, the attorneys for Everbank, were required to file a Certification of Diligent Inquiry. A copy of that Certification of Diligent Inquiry along with a certification pursuant to Rule 4:61-4A that the attorney for the Plaintiff obtained a

title search of public record is attached hereto as Debtor-Appellant Appendix
221a.

In Paragraph 4, it indicates as follows:

> 4. I am aware that I have a continuing obligation under
> Rule 1 :4-8 to amend this certification if a reasonable
> opportunity for further investigation or discovery
> indicates insufficient evidentiary support for· any factual
> assertions proffered by plaintiff in any court filings or
> documents in this case.

Despite having a continuing obligation to amend if a reasonable opportunity
for further investigation or discovery indicates insufficient evidentiary support for·
any factual assertions proffered by plaintiff in any court filings or documents in
this case, there were no amendments made to indicate the shutdown of AmTrust
Bank by the FDIC and the lack of authorization of MERS, supposedly acting
solely for AmTrust Bank, its successors and assigns. The answer to the complaint
was filed by Eileen Adams pro se, and she continued to represent herself
throughout the course of the foreclosure proceedings through the final judgment of
foreclosure. Eileen Adams filed a contesting answer which was stricken from the
case, and the case proceeded as uncontested. On or about February 15, 2017,
Everbank filed a motion to enter a final judgment of foreclosure and in support of
that motion to enter final judgment of foreclosure, Everbank submitted a proof of
amount due affidavit and schedule executed by Talya Harris, a document execution

specialist for Nationstar Mortgage, LLC. A copy of that affidavit is attached as Debtor-Appellant Appendix 265a.  In that affidavit, she indicates that Nationstar Mortgage, LLC services and maintains records for the loan that is secured by the mortgage being foreclosure in its capacity as Everbank's servicer. That affidavit was executed by Talya Harris on February 7, 2017. Also in support of entry of final judgment of foreclosure, James French, the attorney with McCabe, Weisberg & Conway, P.C., executed a Certificate of Diligent Inquiry, a copy of which is attached hereto as Debtor-Appellant Appendix 321a.  The certification of James French, again in Paragraph 4 indicates a continuing obligation to amend the certification if a reasonable opportunity for further investigation or discovery indicates insufficient. evidentiary support for· any factual assertions proffered by plaintiff in any court filings or documents in the case proffered by the plaintiff in any Court filings and documents in the case.

In neither Talya Harris' affidavit or James French's certification, did they tell the Court that on July 16, 2016, Everbank, the plaintiff in the case, assigned its mortgage to Nationstar Mortgage, LLC. This happened approximately 8 months before the Talya Harris affidavit and James French's certification. Clearly the affidavit and certification of diligent inquiry by James French failed to notify the Court foreclosing that the mortgage was no longer held by the plaintiff, but by Nationstar Mortgage, LLC. The final judgment of foreclosure was executed in

28

favor of Everbank. Both the affiant, who was employed by Nationstar Mortgage LLC and an attorney for Everbank did not notify the Court that the mortgage has been assigned to Nationstar Mortgage, LLC when the final judgment of foreclosure was entered in favor of Everbank. It has never been acknowledged that Fannie Mae is the true owner of the Tierney loan and was not a party in the foreclosure litigation. Everbank has been the plaintiff from the initiation of the foreclosure complaint until the present. Nationstar Mortgage has never been a party to the foreclosure action.

New Jersey Court rules require that every action may be prosecuted in the name of the real party in interest. (R.4:26-1)  New Jersey Court Rules require that under R.4:64-1(b)(10) that "if the plaintiff is not the original mortgagee or original nominee mortgagee, the names of the original mortgagee and a recital of all assignments in the chain of title" shall be set forth in the complaint. Never was it referenced in the complaint that AmTrust Bank no longer existed and that Fannie Mae was the true owner of the loan.

In Re Miller v. Deutsche Bank Nat'l Trust Co., 666 F.3d 1255 (10th Cir. 2012), the 10th Circuit recognized that while the Millers lost in the State Court, it was now Deutsche Bank that was seeking affirmative relief in a Federal Court, in the form of relief from the Automatic Stay. In our case, Eileen Adams lost to Everbank in the State Court, and not Nationstar Mortgage, LLC. Nationstar

Mortgage, LLC is seeking affirmative relief in the form of relief from Stay, not Everbank. While the decision makes reference to Colorado Rule 120, which indicates that the granting of a motion authorizing a foreclosure shall be without prejudice to the right of any person aggrieved to seek injunctive or other relief in any Court of competent jurisdiction. There are no specific rules in New Jersey that prevents a person aggrieved from seeking injunction or other relief in any Court of competent jurisdiction. An aggrieved person, such as Eileen Adams, has a right to file a Bankruptcy, which puts into effect the Automatic Stay. To lift the Automatic Stay, the Movant has to have standing. Nationstar Mortgage, LLC has no standing.

In the Bankruptcy Court's Order of October 14, 2022 that is the subject of the appeal herein, the Court states as follows:

> IT IS FURTHER ORDERED that if the debtor desires to litigate whether Fannie Mae is the only entity with standing to foreclose, then this court, without holding that it has the jurisdiction to so decide, permissively abstains in favor of the state court to hear such argument. See 28 U.S.C. § 1334(c)(1).

Thus, it is clear that previous Orders of the State Courts were not final as to standing.

### F.  Recent Decision with Regard to Non-Applicability of *Rooker-Feldman* Doctrine

On September 20, 2024 Hon. David T. Thuma of the United States

Bankruptcy Court for the District of New Mexico rendered an opinion regarding

whether the *Rooker-Feldman* Doctrine was applicable to bar a bankruptcy court's

authority to determine the extent of and enforce the automatic stay provisions of

the Bankruptcy Code.  In his opinion at pages 7-9, he stated as follows:

> C. *Rooker-Feldman* Does not Apply.
>
> CNB's main argument is that the Court lacked
> jurisdiction and authority to set aside the state court
> orders under the *Rooker-Feldman* doctrine. The *Rooker-
> Feldman* doctrine bars federal courts, other than the
> Supreme Court, from reviewing state court orders or
> judgments. See *Rooker v. Fid. Trust Co.*, 263 U.S. 413
> (1923) and D.C. Ct. *App. v. Feldman*, 460 U.S. 462
> (1983). The doctrine applies to bankruptcy courts. See,
> e.g., *In re Wilson*, 116 F.3d 87, 90 (9th Cir. 2000) ("The
> bankruptcy court is also prohibited from reviewing the
> state court's judgment by the *Rooker-Feldman* doctrine,
> which prohibits lower federal courts from sitting as
> effective courts of appeal for state court judgments."). In
> general terms, the doctrine holds that federal courts may
> not sit as courts of appeal for state court orders and
> judgments the losing party is unhappy with.
>
> While the Court respects and follows the *Rooker-
> Feldman* doctrine, it does not apply here. It is universally
> acknowledged that *Rooker-Feldman* does not prevent a
> bankruptcy court from determining whether the
> automatic stay applies to pending state court litigation. In
> *In re Gruntz*, 202 F.3d 1074, 1082 (9th Cir. 2000), for
> example, the Ninth Circuit opined:
>
> [B]y virtue of the power vested in them by Congress, the
> federal courts have the final authority to determine the

scope and applicability of the automatic stay. "The States cannot, in the exercise of control over local laws and practice, vest State courts with power to violate the supreme law of the land." Kalb, 308 U.S. at 439, 60 S. Ct. 343. Thus, the *Rooker–Feldman* doctrine is not implicated by collateral challenges to the automatic stay in bankruptcy. A bankruptcy court simply does not conduct an improper appellate review of a state court when it enforces an automatic stay that issues from its own federal statutory authority. In fact, a reverse Rooker–Feldman situation is presented when state courts decide to proceed in derogation of the stay, because it is the state court which is attempting impermissibly to modify the federal court's injunction. *Gruntz*, at 1083.

Thus, while state courts may determine their jurisdiction by deciding whether the automatic stay applies to an action before them, see, e.g., *In re Oakwood Acceptance Corp.*, 308 B.R. 81, 85 (Bankr. D. N.M. 2004) ("state courts have the authority to determine whether the stay in bankruptcy applies to proceedings before them"), if the state court errs in finding that the automatic stay does not apply, the bankruptcy court is not bound by the error. A recent opinion summarizes this point:

The bankruptcy court and state court have concurrent jurisdiction to determine whether the automatic stay applies, but the bankruptcy court has the final word. If a state court erroneously determines that the automatic stay does not apply in a case, it is in effect an improper modification of the automatic stay and renders the action in the nonbankruptcy proceeding void ab initio. The bankruptcy court has exclusive jurisdiction to grant stay relief and to enforce the automatic stay.

*In re Hall*, 2024 WL 1023129, *4 (Bankr. D. Kan.) (footnotes omitted). For other authority to the same effect, see *BioConvergence LLC v. Attariwala*, 2020 WL 1915269, at *3 (S.D. Ind.) ("If the non-bankruptcy court

issues a finding as to the application of the stay that the
bankruptcy court deems erroneous, the bankruptcy
court's resolution of this issue is determinative"); *In re
Benalcazar*, 283 B.R. 514, 528 (Bankr. N.D. Ill. 2002)
("[W]hile a state court has jurisdiction to determine the
applicability of the automatic stay in the first instance, its
jurisdictional determination is subject to collateral
attack."); *In re Franco*, 574 B.R. 730, 737 (Bankr.
D.N.M. 2017) ("[Rooker-Feldman] does not apply,
because the judgment, obtained in violation of the
automatic stay, is void and has no effect"); *In re S-TEK I,
LLC*, 625 B.R. 519, 525 (Bankr. D.N.M. 2020 ("Nor does
Rooker-Feldman require enforcement of state court
judgments or orders where enforcement of the judgement
or order is subject to the automatic stay imposed by
Bankruptcy Code § 362(a)(2) upon commencement of a
bankruptcy case."); *Wagner v. Union State Bank* (*In re
Wagner*), 2019 WL 1995606, at *5 (Bankr. D. Kan.)
("Orders entered in violation of the stay are void, not
binding on the bankruptcy court, and cannot be saved by
collateral estoppel, res judicata, or the Rooker-Feldman
doctrine"); *see generally In re Ebel*, 139 Fed. Appx. 26,
29 (10th Cir. 2005) ("the bankruptcy courts retain
jurisdiction to review compliance with the automatic
stay.").

The basis for this rule is the Supremacy Clause of the
United States Constitution:[5]

If the non-bankruptcy court's initial jurisdictional
determination is erroneous, the parties run the risk that
the entire action later will be declared void ab initio. See
*Schwartz v. United States*, 954 F.2d 569, 570–71 (9th
Cir.1992); *NLRB v. Edward Cooper Painting, Inc.*, 804
F.2d 934, 940 (6th Cir.1986). If a state court and the
bankruptcy court reach differing conclusions as to
whether the automatic stay bars maintenance of a suit in
the non-bankruptcy forum, the bankruptcy forum's

resolution has been held determinative, presumably pursuant to the Supremacy Clause.

Chao v. Hosp. Staffing Servs., Inc., 270 F.3d 374, 384 (6th Cir. 2001).

Thus, CNB's main argument lacks merit: *Rooker-Feldman* places no bar to a bankruptcy court's authority to determine the extent of, and enforce, the automatic stay. CNB's *Rooker-Feldman* argument is overruled.

[5] "This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding." U.S.C. Const. Art. VI cl. 2.

A copy of the decision of Judge Thuma is set forth in the Debtor-Appellants

Appendix at 308a.

## CONCLUSION

For the forgoing reasons, the District Court's ruling should be reversed and

the case remanded to the Bankruptcy Court with instructions to deny Nationstar

Mortgage, LLC's motion for relief from the automatic stay so that it could

continue the foreclosure action in EverBank v. Adams and to further rule that the

foreclosure sale in EverBank v. Adams is void *ab initio* because EverBank never

obtained an order granting relief from stay so that it could sell the Adams' property at a foreclosure sale. Further, it should be ruled that the $475,000 that the Adams paid at the foreclosure sale conducted by EverBank should be repaid to them immediately by EverBank.

Date:  October 15, 2024

Respectfully submitted,

*/s/ David A. Kasen*
DAVID A. KASEN, ESQUIRE
KASEN & KASEN, P.C.
Attorneys for Debtor-Appellant,
Eileen T. Adams
Society Hill Office Park
1874 E. Marlton Pike, Suite 3
Cherry Hill, New Jersey 08003
Telephone:(856) 424-4144
Fax: (856) 424-7565
Email: dkasen@kasenlaw.com
Attorney ID#262881970

## CERTIFICATE OF BAR MEMBERSHIP

I hereby certify that I am a member in good standing of the bar of the United

States Court of Appeals for the Third Circuit.


Date:   October 15, 2024                    */s/ David A. Kasen*
                                            DAVID A. KASEN

**CERTIFICATE OF COMPLIANCE**

I, David A. Kasen, hereby certify that:

1.      This brief complies with the type-volume limitation of Rule 32(a)(7)(B) of the Federal Rules of Appellate Procedure because it contains 8,228 words and only 783 lines of text, excluding the parts of the brief exempted by Rule 32(f).

2.      This brief complies with the typeface requirements of Rule 32(a)(5) and the type style requirements of Rule 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in Times New Roman 14-point font.

3.      This brief complies with the electronic filing requirements of Local Rule 311(c).  The text of this electronic brief is identical to the text of the paper copies, and Windows Defender has been run on the file containing the electronic version of this brief and no virus has been detected.


Date:   October 15, 2024              */s/ David A. Kasen*
                                      DAVID A. KASEN

## CERTIFICATE OF SERVICE

I certify that on the date indicated below, I filed the foregoing document
with the Clerk of the Court, using the CM/ECF system, which will automatically
send notification and a copy of the brief to counsel who have appeared for the
parties and are CM/ECF participants.


Date:   October 15, 2024          */s/ David A. Kasen*
                                  DAVID A. KASEN

# 24-1212-cv

**IN THE**

# United States Court of Appeals

**FOR THE THIRD CIRCUIT**

EILEEN T. ADAMS,

                    *Debtor-Appellant,*


-against-


NATIONSTAR MORTGAGE, LLC

                    *Defendant-Appellee*


ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY


**JOINT APPENDIX VOLUME 1**


Attorney of Record:
DAVID A. KASEN, ESQUIRE
KASEN & KASEN, P.C.
Attorneys for Debtor-Appellant,
Eileen T. Adams
Society Hill Office Park
1874 E. Marlton Pike, Suite 3
Cherry Hill, New Jersey 08003
Telephone:(856) 424-4144
Fax: (856) 424-7565
Email: dkasen@kasenlaw.com
Attorney ID#262881970

# APPENDIX VOLUME 1 TABLE OF CONTENTS

Page

VOLUME 1

Notice of Appeal                                                                     1a

Order dated 1/4/2024 affirming United                                  4a
States Bankruptcy Court for the District of
New Jersey Order and Dismissing Appellant's Appeal

Opinion affirming U.S. Bankruptcy Court for                       5a
The District of New Jerey and dismissing Appellant's
Appeal

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| EILEEN T. ADAMS | : | HONORABLE KAREN M. WILLIAMS |
| | : | |
| Appellant, | : | |
| | : | |
| v. | : | Civil Action |
| | : | No. 22-06256-KMW |
| NATIONSTAR MORTGAGE, LLC, | : | |
| | : | |
| Defendant | : | |
| | : | **NOTICE OF APPEAL** |
| | : | |

     Appellant, Eileen T. Adams, appeals to the United States Court of Appeals for the Third

Circuit from the Order of January 4, 2024, a copy of which is attached hereto as Exhibit "A".

                       /s/ David Kasen
                       DAVID A. KASEN, ESQ.
                       Kasen & Kasen, P.C.
                       1874 E. Marlton Pike, Suite 3
                       Cherry Hill, NJ 08003
                       (856) 424-4144
                       *Attorney for Eileen T. Adams*

# EXHIBIT "A"

Case 1:22-cv-06256-KMW Document 15-1 Filed 02/05/24 Page 2 of 21 PageID: 158
Case 1:22-cv-06256-KMW Document 12 Filed 01/04/24 Page 1 of 19 PageID: 153
Case: 24-1212    Document: 18    Page: 51    Date Filed: 10/15/2024

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| EILEEN T. ADAMS | HONORABLE KAREN M. WILLIAMS |
| Appellant, | |
| v. | Civil Action No. 22-06256-KMW |
| NATIONSTAR MORTGAGE, LLC, | |
| Defendant. | **ORDER** |

**WILLIAMS, District Judge:**

This matter having come before the Court on Appellant's appeal from the United States Bankruptcy Court (ECF No. 6); Appellee's Respondent brief (ECF No. 9), and Appellant's Reply (ECF No. 11); the Court having carefully considered the parties' submissions; and for the reasons set forth in the Opinion of even date; and for good cause shown;

IT IS this **4th** day of **January 2024**, the hereby

**ORDERED** that this Court **AFFIRMS** the United States Bankruptcy Court for the District of New Jersey's Order; and

**ORDERED** that this Court **DISMISSES** the Appellant's appeal; and

**ORDERED** the Clerk's Office close this case.

KAREN M. WILLIAMS
United States District Judge

Case: 24-1212    Document: 18    Page: 52    Date Filed: 10/15/2024

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| EILEEN T. ADAMS | HONORABLE KAREN M. WILLIAMS |
| Appellant, | |
| v. | Civil Action No. 22-06256-KMW |
| NATIONSTAR MORTGAGE, LLC, | |
| Defendant. | **ORDER** |

**WILLIAMS, District Judge:**

This matter having come before the Court on Appellant's appeal from the United States

Bankruptcy Court (ECF No. 6); Appellee's Respondent brief (ECF No. 9), and Appellant's Reply

(ECF No. 11); the Court having carefully considered the parties' submissions; and for the reasons

set forth in the Opinion of even date; and for good cause shown;

IT IS this **4th** day of **January 2024**, the hereby

**ORDERED** that this Court **AFFIRMS** the United States Bankruptcy Court for the District

of New Jersey's Order; and

**ORDERED** that this Court **DISMISSES** the Appellant's appeal; and

**ORDERED** the Clerk's Office close this case.

KAREN M. WILLIAMS
United States District Judge

4a

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| EILEEN T. ADAMS<br><br>Appellant,<br><br>v.<br><br>NATIONSTAR MORTGAGE, LLC,<br><br>Defendant. | HONORABLE KAREN M. WILLIAMS<br><br>Civil Action<br>No. 22-06256-KMW<br><br>**OPINION** |

APPEARANCES:

DAVID A. KASEN, ESQ.
KASEN & KASEN
SOCIETY HILL OFFICE PARK – SUITE #3
1874 E. MARLTON PIKE
CHERRY HILL, NJ 08003

    *Counsel for Appellant Eileen T. Adams*

ANDREW M. LUBIN, ESQ.
MCCABE, WEISBERG & CONWAY, P.C.
216 HADDON AVENUE, SUITE 201
WESTMONT, NJ 08108

    *Counsel for Appellant NationStar Mortgage, LLC*

**WILLIAMS, District Judge:**

## I.  INTRODUCTION

This matter arises out of a state foreclosure action and related proceedings in the United States Bankruptcy Court for the District of New Jersey ("USBC"). The Court has carefully considered the parties' submissions and, pursuant to Local Civil Rule 78.1, decides the matter without oral argument. For the following reasons, the Court AFFIRMS the USBC's Order.

## II.  BACKGROUND AND PROCEDURAL HISTORY

This matter concerns the real property located at 32 Timberline Drive, Voorhees, New Jersey 08043 (the "Property"), which was originally conveyed to Appellant and her husband on December 17, 2004. Resp. Br. at 1. On June 19, 2008, they conveyed the property to Appellant's father, John J. Tierney II, who became the mortgagor on a note secured against the property when he borrowed $360,000.00 from AmTrust Bank on May 4, 2009. *Id.*

The parties dispute the path of ownership the note and mortgage took after John Tierney II died and when the original bank failed and was placed into receivership, both events occurring in 2009. *Id.*; *see also* App.'s Br. at 4. John J. Tierney II bequeathed the Property back to Appellant "free and clear of all liens and encumbrances," however, at that time, the mortgage lien still existed and therefore Appellant took the Property subject to the mortgage. *Id.* at 1-2; *see also* App.'s Br. at 4.

Appellant argues that the mortgage was never sold or validly transferred and remains owned by Fannie Mae. App.'s Br. at 4-5. Appellee argues that the mortgage was appropriately assigned through Mortgage Electronic Registration Systems, Inc. ("MERS") to EverBank and then to Nationstar Mortgage by August 2016. Resp. Br. at 1.

By August 2013, the mortgage loan fell into default and was left uncured, and EverBank filed

its foreclosure complaint in the Superior Court of New Jersey on August 26, 2014. Resp. Br. at 2. On March 21, 2017, the case was resolved in favor of EverBank. Resp. Br. at 2. That same day, Appellant and her husband filed a Chapter 7 Bankruptcy Petition in the USBC, which resulted in the discharge of their personal liability in June of 2017, and the case was dismissed in September of 2017. Resp. Br. at 2. On January 8, 2018, Appellant filed a Chapter 13 Bankruptcy Petition, and on September 6, 2018, the USBC granted Appellant limited relief from stay to litigate the foreclosure judgment in state court. Resp. Br. at 2. From there, Appellant then exhausted her state court remedies: the state court ultimately denied her motion for reconsideration on January 15, 2019, (in January of 2019 Plaintiff also voluntarily withdrew her first Chapter 13 Bankruptcy Petition she filed in 2018), on July 15, 2020, the Appellate Division affirmed the trial court's order, and on October 20, 2020, the Supreme Court of New Jersey denied Appellant's Petition for Certification. App. Br. at 9-10; Resp. Br. at 2.

Appellant's husband filed a Chapter 13 Bankruptcy Petition, and on December 29, 2021, he filed a motion for an automatic stay which was denied on March 24, 2022, and resulted in no discharge. Resp. Br. at 3. On April 26, 2022, Appellant filed another Chapter 13 Bankruptcy Petition to which Appellee filed a motion for relief on August 15, 2022. Resp. Br. at 3. On October 14, 2022, Appellee's motion was granted, lifting the automatic stay against the Property. Resp. Br. at 3. On October 25, 2022, Appellant filed the instant appeal. Resp. Br. at 3.

## III. LEGAL STANDARD

This Court has jurisdiction under 28 U.S.C. §158(a). With regard to bankruptcy appeals, "the nature of the issues presented on appeal determines the proper standard of review." *Farzan v. Bayview Loan Servicing LLC*, No. 20-03330, 2021 WL 613843 at *3 (D.N.J. Feb. 17, 2021) (internal citations and quotations omitted). Legal determinations are reviewed *de novo*, while a

bankruptcy court's factual determinations are reviewed under the clearly erroneous standard. *See Sovereign Bank v. Schwab*, 414 F.3d 450, 452 n.3 (3d Cir. 2005).

Here, Appellant objects to the legal conclusion reached by the USBC in its Letter Opinion issued on December 29, 2021, that stated the *Rooker-Feldman* Doctrine bars subject matter jurisdiction over the issue of Appellee's standing. App. Br. at 10. Such requires the Court to review the issue of standing *de novo*. *See Farzan*, 2021 WL 613843 at *3 (citing *In re Farrington*, No. 17-26505, 2019 WL 1149881 at *3 (D.N.J. Mar. 11, 2019) (applying *de novo* review when a bankruptcy court invoked the *Rooker-Feldman* Doctrine)).

## IV. DISCUSSION

Appellee argues that Appellant cannot challenge Appellee's standing because it has been argued before, and decided by, the state court in proceedings that preceded this appeal. Resp. Br. at 5. Specifically, the *Rooker-Feldman* Doctrine prevents "lower federal courts. . . from exercising appellate jurisdiction over final state-court judgments[.]" *See Lance v. Dennis*, 546 U.S. 459, 463 (2006). The *Rooker-Feldman* Doctrine is specific to cases brought by those who have lost in state court "complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). In other words, this Court cannot "grant the federal plaintiff the relief sought, [if] the federal court must determine that the state court judgment was erroneously entered or must take action that would render that judgment ineffectual." *Jones v. New Jersey*, No. 13-4485, 2014 U.S. Dist. LEXIS 90315 at *4 (D.N.J. Jun. 30, 2014). There are four requirements that must be met for the *Rooker-Feldman* Doctrine to apply:

(1) the federal plaintiff lost in state court;

8a

    (2) the plaintiff "complain[s] of injuries caused by [the] state-court judgments";
    (3) those judgments were rendered before the federal suit was filed; and
    (4) the plaintiff is inviting the district court to review and reject the state judgments.

*Kajla v. Cleary*, 821 Fed. App'x 119, 121 (3d Cir. 2020) (quoting *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010)). Most importantly for the instant matter, the doctrine equally applies to federal bankruptcy courts. *Dahlgren v. Palone*, No. 10-1988, 2010 WL 5287411 at *5 (D.N.J. Dec. 16, 2010) (citing *In re Madera*, 586 F.3d 228, 232 (3d Cir. 2006)).

However, Appellant argues that the holding of *In Re Miller v. Deutsche Bank Nat'l Trust Co.*, 666 F.3d 1255 (10th Cir. 2012) provides that the *Rooker-Feldman* Doctrine would not preclude this Court from addressing the alleged issue of Nationstar's standing. App. Br. at 14-16. *In Re Miller*, however, is readily distinguishable from the instant case.

### A. *In Re Miller v. Deutsche Bank Nat'l Trust Co.*

As the court in *In Re Miller* notes, the *Rooker-Feldman* Doctrine did not apply in its case because the state court's finding of "standing" was not part of a final judgment. *Id.* at 1261-62. The Colorado Rules of Civil Procedure 120 ("CRCP 120") specifically limits the effect of the determinations made in such proceedings: "The Colorado Court of Appeals has stated that proceedings pursuant to C.R.C.P. 120 are not adversarial in nature, are not final, and generally no appeal may be taken to review the resulting orders." *Id.* at 1262 (internal quotations and citations omitted). Thus, in accordance with the findings made by the court of *In Re Miller*, such proceedings inherently do not have preclusive effect. *Id.* The rest of the analysis regarding whether Deutsche Bank was a "creditor" pursuant to the Bankruptcy Code specifically interpreted

9a

Colorado law: "[w]ithin the context of a bankruptcy proceeding, state law governs the determination of property rights." *Id.*[1]

Here, Appellant is appealing from a final judgment from the New Jersey state courts which addressed Appellant's standing argument on the merits at both the trial and appellate level which was affirmed by the New Jersey Supreme Court. *See EverBank v. Tierney*, No. A-2435-18T2, 2020 WL 3980393 (N. J. App. Div. Jul. 15, 2020), *aff'd* 244 N.J. 315 (2020). This stands in stark contrast to the non-final, non-adversarial, and non-appealable proceedings pursuant to CRCP 120 that the Millers challenged. *In Re Miller*, 666 F.3d at 1262.

Further, Colorado law defines standing in this context differently than New Jersey law. Colorado requires that for a person or entity to have standing, such person or entity must possess the original note. *Id.* at 1263-64. Deutsche Bank did not have possession of the Note, nor did they have a certification that would absolve them from that requirement in *In Re Miller*. *In Re Miller*, 666 F.3d at 1264-65. In contrast, possession of the Note *or* an assignment of the mortgage that predated the original complaint confers standing pursuant to controlling New Jersey law. *See Deutsche Bank Trust Co. Americas v. Angeles*, 428 N.J. Super. 315, 318 (App. Div. 2012). The trial court found that EverBank had both possession of the Note and a valid assignment of the mortgage, the appellate court discussed explicitly the validity of the assignment of the mortgage, and the Supreme Court of New Jersey affirmed the appellate court. *See EverBank v. Tierney*, No. A-2435-18T2, 2020 WL 3980393 at *2, 4 (N. J. App. Div. Jul. 15, 2020), *aff'd* 244 N.J. 315 (2020).

---

[1] Further, the *In Re Miller* court also declined to address the issue that the standing requirement under CRCP 120 from which the Millers were contesting is not the same as the statutory standing required for a creditor to seek relief from a stay pursuant to Bankruptcy Code § 362(d) (defining a "party in interest"). *Id.* at 1261 n 5.

It is clear that *In Re Miller* is distinguishable from the instant case and that the *Rooker-Feldman* Doctrine could be applicable to the final judgment rendered by the New Jersey courts because Appellant wants this Court to "look at the bona fides of the prior judgment," and is not merely relitigating an issue determined in a prior state case. *Phila. Entm't & Dev. Partners, LP v. Dep't of Revenue*, 879 F.3d 492, 503 (3d Cir. 2018). Thus, the Court must evaluate whether the *Rooker-Feldman* Doctrine applies to this case.

### B. Applicability of the *Rooker-Feldman* Doctrine

There are four requirements that must be met for the *Rooker-Feldman* Doctrine to apply, each will be discussed in turn below.

### i. Has the federal plaintiff lost in state court?[2]

Here, Appellant has lost in state court. Appellant's underlying state case, *EverBank v. Tierney*, No. A-2435-18T2, 2020 WL 3980393 (N. J. App. Div. Jul. 15, 2020), *aff'd* 244 N.J. 315 (2020), argued that EverBank did not have standing to contest the Bankruptcy stay and foreclose upon the Property at issue. As noted above, the issue of standing was decided on the merits at both the trial and appellate level before the Supreme Court of New Jersey affirmed the appellate court decision in October of 2020.

### ii. Does the plaintiff "complain of injuries caused by [the] state-court judgments?"

Here, Appellant complains of injuries caused by the state court judgments: that the mortgage being foreclosed upon in both the state court and federal court proceedings was, and still is, invalidly assigned and that Appellant has no valid claims against her. *See* App. Br. at 7; Reply Br.

---

[2] The Court notes that this case has meandered through the state and bankruptcy courts since 2013, however, the Court focuses its *Rooker-Feldman* analysis to the latest series of final state court judgments that resolved in 2020 with the affirmation by the Supreme Court of New Jersey.

at 5. Simply put, Appellant continues to challenge the sale of the Property pursuant to the foreclosure judgment.

### iii. Were the state court judgments rendered before the federal suit was filed?[3]

On October 25, 2022, Appellant appealed the USBC decision to this Court. The underlying USBC case was filed on April 26, 2022. The Supreme Court of New Jersey affirmed the decision of the state appellate court on October 20, 2020. *See EverBank v. Tierney*, 244 N.J. 315 (2020). The Court is satisfied that the state court judgments were rendered before the federal suit was filed.

### iv. Is the plaintiff inviting the district court to review and reject the state court judgments?

Here, Appellant is directly requesting the district court to review and reject the state court judgments. Just as Appellant argued in *EverBank v. Tierney*, No. A-2435-18T2, 2020 WL 3980393 at *4 (N. J. App. Div. Jul. 15, 2020), the Appellant contends that MERS did not have authority to assign the mortgage after AmTrust Bank failed in 2009. *See* App. Br. at 5, 18, 20; Reply Br. at 8. The state trial court heard and decided this argument on the merits: "Adams argued EverBank lacked standing to bring the foreclosure action because it possessed neither the note or a valid assignment of the mortgage before it filed its complaint. . . [and] contended the assignment of mortgage to EverBank was invalid because AmTrust, whose on behalf MERS purported to act, no longer possessed an interest in the mortgage because of the FDIC-NYCB agreement." *Id* at *2. The state trial court explicitly rejected this attack on standing. *Id*. The state trial court also denied the standing argument again on the merits when Appellant sought reconsideration and found that EverBank was the holder of the note and plainly rejected the challenge to the assignment of the mortgage "finding that AmTrust's failure did not deprive MERS of the power to assign the

---

[3] *See* n.2.

mortgage to EverBank." *Id.* The state appellate court addressed this exact argument again and concluded that "the fact that AmTrust may not have existed in 2013 does not necessarily mean MERS lacked authority to transfer the mortgage, as MERS was the nominee not only of AmTrust, but also its successors and assigns." *Id.* at 4. The state appellate court declined to disturb the trial court's decision, and its decision was affirmed by the New Jersey Supreme Court. *EverBank v. Tierney*, *aff'd* at 244 N.J. 315 (2020).

All four of the required *Rooker-Feldman* Doctrine factors are satisfied in this case. Therefore the USBC was correct to deny Appellant's December 21, 2021 motions. Thus, this Court must dismiss this appeal due to lack of jurisdiction pursuant to the applicability of the *Rooker-Feldman* Doctrine and any further challenge regarding standing of Appellee must be raised in state court. *Timm v. New Jersey*, No. 18-9769, 2018 WL 2972509 at *2 (D.N.J. Jun. 13, 2018).

## V.      CONCLUSION

For the reasons set forth above, the Court AFFIRMS the USBC's Order. An Order consistent with this Opinion will be entered.

January 4, 2024

KAREN M. WILLIAMS, U.S.D.J.