# 24-1212-cv

---

# UNITED STATES COURT OF APPEALS
# FOR THE THIRD CIRCUIT

---

EILEEN T. ADAMS,

    Debtor-Appellant,

-against-

NATIONSTAR MORTGAGE, LLC,

    Appellee.

---

ON APPEAL FROM
THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

---

## BRIEF OF APPELLEE

---

**McCABE, WEISBERG & CONWAY, LLC**
Attorneys of Record for Appellee,
NATIONSTAR MORTGAGE, LLC
Barbara A. Fein, Esquire
NJ Attorney ID No. 026351988
216 Haddon Avenue, Suite 201
Westmont, NJ 08108
(856) 858-7080
Email: bfein@mwc-law.com

# CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure R. 26.1(c), the Appellee, Nationstar Mortgage, LLC, by and through its undersigned counsel, certifies as follows:

1. Nationstar Mortgage, LLC ("Nationstar"), was a limited liability company organized under the laws of the State of Delaware on February 9, 2001, under the Division of Corporations' File No. 3355698.

2. In August 2017, Nationstar announced that it would be changing its name and conducting business under the service mark "Mr. Cooper".

3. In 2018, Nationstar and WMI Holdings Corporation (WMIH), the corporate successor to the defunct Washington Mutual, merged. As a direct result of the merger, Nationstar was delisted from the New York Stock Exchange and WMIH changed its name to "Mr. Cooper Group, Inc."

4. "Mr. Cooper Group, Inc." ("Mr. Cooper") is a domestic corporation organized under the laws of the State of Delaware on February 25, 2015, under the Division of Corporations' File No. 5669817.

Dated: November 14, 2024    Respectfully submitted,

**McCABE, WEISBERG & CONWAY, LLC**
Attorneys of Record for Appellee,
NATIONSTAR MORTGAGE, LLC

Barbara A. Fein, Esquire
NJ Attorney ID No. 026351988
216 Haddon Avenue, Suite 201
Westmont, NJ 08108
(856) 858-7080
Email: bfein@mwc-law.com

## CONTENTS OF APPELLEE'S BRIEF

**Page**

Corporate Disclosure Statement ............................................. i

TABLES

    Table of Contents ............................................. ii

    Table of Citations ............................................. iv

STATEMENTS AND SUMMARIES

    1.  Subject Matter & Appellate Jurisdiction ............................................. 1

    2.  Issues ............................................. 1

    3.  Related Cases and Proceedings (All Prior Proceedings) ............................................. 2

    4.  Concise Statement of the Case:
        Relevant Facts and Procedural History ............................................. 3

    5.  Summary of Argument ............................................. 5

ARGUMENTS

    Point I:  Appellant's Claims are Precluded ............................................. 7

    Point II: Appellant's Theories are Fundamentally Flawed ............................................. 8

    Point III: The Appeal is Procedurally Improvident and
             Jurisdiction Should Be Declined ............................................. 9

    Point IV: The Appeal is Frivolous ............................................. 10

CONCLUSION ............................................. 12

## CONTENTS OF APPELLEE'S BRIEF (CONTINUED)

                                                                      **Page**

Certificate of Bar Membership                                          14

Electronic Document Compliance Certification                           15

Certificate of Service                                                 16

ATTACHMENT TO APPELLEE'S BRIEF
Supplemental Appendix Volume ("*SA*")

    Mortgage Foreclosure Docket F-35591-14                   *SA-324a*
    Order entered November 30, 2018
    Denying Adams' Motion to Vacate the Final
    Judgment of Foreclosure entered on March 21, 2017

    Mortgage Foreclosure Docket F-35591-14                   *SA-325a*
    Order entered January 16, 2019
    Denying Adams' Motion seeking Reconsideration of
    Order entered on November 30, 2018

    Unpublished Opinion decided July 15, 2020                 *SA-327a*
    Superior Court of New Jersey's Appellate Division
    Appellate Docket No. A-2435-18T2

    Opinion issued March 24, 2022                            *SA-339a*
    In re: Gary D. Adams
    Bankr. Case No. 19-14488-ABA

    Order entered October 14, 2022                           *SA-344a*
    Vacating Stay and Granting *in Rem* Relief
    In re: Eileen T. Adams
    Bankr. Case No. 22-13384-ABA

    Concise Summary of the Case filed on behalf of          *SA-353a*
    Appellant Eileen Adams on February 23, 2024

# TABLE OF CITATIONS & CASES

**Page(s)**

***Federal Citations***

*Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923)    5, 6, 9, 10

*Younger v. Harris*, 401 U.S. 37 (1971)    9

*App. v. Feldman*, 460 U.S. 462 (1983)    5, 6, 9, 10

*Manus Corp. v NRG Energy, Inc. (In re: O'Brien Envt'l Energy, Inc.),* 188 F.3d 116, 122 (3d Cir. 1999)    1

*Sovereign Bank v. Schwab*, 414 F.3d 450, 452, 2005 U.S. App. LEXIS 13383, *4, Bankr. L. Rep. (CCH) P 80, 315, 44 Bankr. Ct. Dec. 265    1

*Eileen T. Adams v. Nationstar Mortgage, LLC*
United States District Court of New Jersey
Appellate Docket No. 22-06256-KMW    3, 5

*In re: Eileen T. Adams and Gary D. Adams*
Bankr. Case No. 17-15449-ABA    2

*In re: Eileen T. Adams*
Bankr. Case No. 18-10466-ABA    2, 4

*In re: Gary D. Adams*
Bankr. Case No. 19-14488-ABA    3, 5

*In re: Eileen T. Adams*
Bankr. Case No. 22-13384-ABA    3

### _New Jersey State Court Citations_                     **Page(s)**

_Everbank v. Estate of John Tierney, et al._                    2
New Jersey Supreme Court Docket No. 084815

_Everbank v. Tierney, et al._                                   2, 4
Superior Court of New Jersey Appellate Division
Docket No. A-2435-18T2 (App. Div. July 15, 2020)

_Everbank v. Estate of John Tierney, et al._                    2, 4
New Jersey Superior Court Docket No. F-035591-14


### _Statutes_

Fed. R. Bankr. P. 8013                                          1

## STATEMENTS AND SUMMARIES

### 1. Subject Matter & Appellate Jurisdiction

The litigants concur that this Honorable Court has subject matter to review the District Court's Order entered on January 4, 2024, which affirmed the Bankruptcy Court's Order entered on October 14, 2022 (*A1-4a*).

The litigants further concur in recognizing the plenary nature of this Honorable Court's review of the District Court's conclusions of law. Manus Corp. v NRG Energy, Inc. (In re: O'Brien Envt'l Energy, Inc.), 188 F.3d 116, 122 (3d Cir. 1999). Factual determinations are reviewed under the clearly erroneous standard. Fed. R. Bankr. P. 8013. *See*, Sovereign Bank v. Schwab, 414 F.3d 450, 452, 2005 U.S. App. LEXIS 13383, *4, Bankr. L. Rep. (CCH) P 80, 315, 44 Bankr. Ct. Dec. 265.

### 2. Issues

Relitigation of what the Appellant has identified as "Issues" is precluded. The rulings of one Court after another in both State and Federal for a, in the underlying Foreclosure and in the multiple bankruptcies filed by the Appellant and her Husband, have consistently rejected the Appellant's ill-informed arguments.

The three "Issues" identified by the Appellant for this Honorable Court's consideration devolve into one: Whether another futile collateral attack on the various State Court Orders and Judgments should be deemed frivolous.

### 3. Related Cases and Proceedings (All Prior Proceedings)

The Appellant's recitation of prior proceedings is unnecessarily convoluted and incomplete. A more comprehensive chronology follows:

A. Everbank v. Estate of John Tierney, et al., New Jersey Superior Court Docket No. F-035591-14 (the "Foreclosure");

B. Everbank v. Tierney, et al., Superior Court of New Jersey Appellate Division Docket No. A-2435-18T2 (App. Div. July 15, 2020) (the "State Court Appeal");

C. Petition for Certification to the New Jersey Supreme Court filed under Case No. 084815, which Petition was denied;

D. Chapter 7 Joint Petition filed in the United States Bankruptcy Court for New Jersey by Eileen T. Adams and Gary D. Adams on March 21, 2017, under Case No. 17-15449-ABA;

E. Chapter 13 Petition filed in the United States Bankruptcy Court for New Jersey by Eileen T. Adams on January 9, 2018, under Case No. 18-10466-ABA;

F.  Chapter 13 Petition filed in the United States Bankruptcy Court for New Jersey by Gary D. Adams on March 5, 2019, under Case No. 19-14488-ABA;

G.  Chapter 13 Petition filed in the United States Bankruptcy Court for New Jersey by Eileen T. Adams on April 26, 2022, under Case No. 22-13384-ABA;

H.  Eileen T. Adams v. Nationstar Mortgage, LLC, United States District Court for the District of New Jersey, Camden Vicinage, Civil Action No. 22-06256-KMW; and

I.  The instant appeal, Eileen T. Adams v. Nationstar Mortgage, LLC, United States Court of Appeals for the Third Circuit, Case No. 24-1212-cv.

## 4. **Concise Statement of the Case**

### **Relevant Facts and Procedural History**

Appellee respectfully adopts and incorporates by reference the "BACKGROUND AND PROCEDURAL HISTORY" contained in the District Court's well-reasoned Opinion supporting the ruling from which this Appeal has been taken (*A1-5a*).

Appellee further respectfully adopts and incorporates herein by reference the findings of fact and conclusions of law contained in the following:

The Foreclosure Trial Court (Docket F-035591-14)

1. Order entered November 30, 2018, denying the Adams' Motion to Vacate Final Foreclosure Judgment (*SA-324a*);[1] and

2. Order entered January 16, 2019, denying the Adams' Motion for Reconsideration (*SA-325a*).[2]

The State Court Appeal (Docket A-2435-18T2)

3. *Per curiam* Opinion issued on July 15, 2020, affirming the Trial Court's rejection of the Adams' challenge to Plaintiff's standing to foreclose specifically articulated at its Sub-section I (*SA-327a*).[3]

Bankruptcy Case 18-10466-ABA / Eileen T. Adams

4. Bankruptcy Court Order entered January 23, 2019, denying Adams' Motion to Expunge Nationstar's Claim, which Motion was predicated upon repetition of their previously litigated assertions that Nationstar lacked standing and from which no appeal was taken (*SA-339a*).[4]

---

[1] Reference to which appears at *A2-28a*
[2] Reference to which appears at *A2-28a*
[3] Reference to which appears at *AOB, Page 12*
[4] Reference to which appears at *AOB, Page 11*

Bankruptcy Case 19-14488-ABA / Gary D. Adams

5.  Order and Letter Opinion issued March 24, 2022, denying Adams' Motion
    to Impose Automatic Stay and to Fix Damages for Willful Violation of Stay
    from which no appeal was taken (Doc. No. 23) (*SA-339a*)[5]; and specifically
    Footnote 1 thereof regarding the Adams' challenge to Nationstar's standing:
    "Any further challenges to the state court foreclosure action and/or the
    Judgment of Foreclosure are inappropriate in this court as barred by estoppel,
    res judicata and/or the Rooker-Feldman doctrine, and perhaps, the Entire
    Controversy Doctrine" (*SA-348a)*.

Bankruptcy Case 22-13384-ABA / Eileen T. Adams

6.  Findings of Fact and Conclusions of Law contained in the Order and Opinion
    issued on October 14, 2022 (*SA-344a*), including the admonition at Page 5,
    referencing a Hearing conducted in Bankruptcy Case No. 18-10466-ABA:
    "…[C]ounsel was warned at that time that 'Any further challenges to the
    state court foreclosure action and/or the Judgment of Foreclosure are
    inappropriate in this court as barred by estoppel, res judicata and/or the
    Rooker-Feldman doctrine, and perhaps, the Entire Controversy Doctrine"
    (*A1-5a)*.

---

[5] Reference to which appears at *AOB, Page 12*

## 5. <u>Summary of Argument</u>

Appellant's claims, theories, and arguments have been considered and rejected by every Court and are all precluded. To the extent they were actually litigated they are precluded by the Doctrine of *Res Judicata*. To the extent they could have been but were not previously asserted they are precluded by the Doctrine of Collateral Estoppel. To the extent they constitute attempts to circumvent adverse State Court rulings they are precluded by the Rooker-Feldman Doctrine.

Appellant and her Husband lost so many times because their arguments are predicated upon fundamental misunderstandings of the nature of MERS as a registry and of Fannie Mae's role to provide liquidity in the secondary mortgage market, contrary to settled authority holding a mortgagor lacks standing to challenge an assignment of mortgage, and because the same fatally flawed arguments were asserted so many times.

# **ARGUMENTS**

## **Point I:  Appellant's Claims Are Precluded**

The "Issues" Appellant would have this Court revisit yet again have all been fully and fairly litigated. Every Court considering Appellant's theories, claims, and arguments have consistently found them without viable basis in fact and inconsistent with applicable law. The Appellant acquiesced in some adverse rulings, unsuccessfully sought reconsideration, unsuccessfully appealed, and lost every time. They cannot be asserted yet again. The Doctrines of *Res Judicata* and Collateral Estoppel preclude the wasteful and abusive serial assertion of the same "Issues." Appellant, represented by Counsel in all of the State and Federal Court proceedings, does not – because she cannot – posit she was somehow denied an opportunity for Judicial consideration of her position. She does not – because she cannot – contend some newly discovered evidence compels redress for a shocking wrong. To the extent her oft-regurgitated claims were litigated, they are precluded. To the extent they could have been asserted but were not, they are precluded.

Accordingly, Appellee respectfully submits the Appeal should be dismissed.

### Point II: Appellant's Theories Are Fundamentally Flawed

In the interest of brevity, the Appellee respectfully incorporates by reference herein the Opinions of the State and Federal Judges and authorities cited therein, and respectfully directs this Honorable Court's attention to the Courts' rationale in the Orders and Opinions compiled and submitted collectively hereto by way of Supplemental Appendix (*SA*).

Every Judge considering the Appellant's claims found them fatally flawed because they were predicated upon fundamental misunderstandings of the modern mortgage servicing industry and contrary to settled authority. Appellant misunderstands the role of MERS as a registry, and of Fannia Mae to provide liquidity in the secondary mortgage market. Appellant blithely ignores settled authority holding a mortgagor is not a third-party beneficiary of an agreement to transfer a loan and therefore lacks standing to challenge a pooling and servicing agreement or assignment of mortgage.

The rulings the Appellant would have this Court overturn are hardly outliers but were all supported by well-reasoned Opinions predicated upon the operative circumstances and applicable law. The result urged by Appellant would compel chaos in markets and Courts.

Accordingly, Appellee respectfully submits the Appeal should be dismissed.

**Point III: The Appeal is Procedurally Improvident and Jurisdiction Should Be Declined**

The litany of consistently adverse State Court rulings of which Appellant complains illustrates the extent to which the pending Appeal constitutes an invitation to act as a *de facto* State Court appellate tribunal. Appellant claims no uniquely Federal right to be vindicated, no intervening development compelling redress of an unconscionable wrong. To the contrary, the Appellant's Notice of Appeal (*SA-353a*) repeats the very same conclusory, circular, ill-informed allegations as made before the Courts who uniformly found them unavailing. The Notice of Appeal may fairly be characterized as a State Court loser's collateral attack on a State Court ruling. To the extent this Appeal is taken from the District Court's finding the Rooker-Feldman Doctrine precludes jurisdiction, Appellee respectfully submits the Notice of Appeal speaks for itself. If and to the extent this Court might deem its jurisdiction not precluded, then Appellee respectfully invokes the Younger Abstention Doctrine and urges this Court decline to interfere in the State Court's interpretations and enforcement of applicable New Jersey law.

Accordingly, Appellee respectfully submits the Appeal should be dismissed.

## Point IV: The Appeal is Frivolous

The "Issues" Appellant seeks to relitigate, and relitigate again and again, are not complex and the State Court rulings they seek to circumvent were all predicated upon settled real estate jurisprudence, and all of the foregoing supports the District Court's conclusion the Rooker-Feldman Doctrine applies to render Federal jurisdiction improvident.

This Appeal is clearly not predicated upon existing law and cannot fairly be characterized as a good faith argument for the extension or modification of existing law. At a certain point, the effort becomes more than futile, more than burdensome. It is unfair enough when someone tries to exploit a hyper-technicality in pursuit of an unencumbered house. Here, we have an imagined hyper-techincality under an imagined jurisprudence in an imaginary world; a world where bulk servicing transfers, a thriving secondary market fueled by Fannie Mae, Freddie Mac, Ginnie Mae, HUD, VA, *etc.*, do not exist; a world where Judges have no familiarity with settled real estate practice. At a certain point, it becomes abusive to waste judicial resources and oblige a Party to respond to the same futile arguments over and over and over again.

If that point did not come some time ago, it has come now. A charitable characterization of this Appeal might be that Appellant just cannot understand why she cannot have a free house. However, they were represented by Counsel throughout the proceedings and the uniformity of all the Judges' rulings and the settled authorities upon which they relied, suggests a different conclusion.

Regardless of motivation, be it mere stubbornness or something else, it has gone too far. Appellant has been represented throughout by the same Counsel, who has pursued a course of action not withstanding judicial admonition.

Appellee respectfully invokes this Court's authority to put an end to this futility and to compensate Appellee for expenses incurred in connection with this Appeal in such manner as the Court deems appropriate. Any such compensation should not be a surprise, as Appellant was offered an opportunity to withdraw this Appeal under a "Safe Harbor" letter.

Accordingly, Appellee respectfully submits the Appeal should be dismissed and compensation provided for expenses needlessly incurred,

## **CONCLUSION**

Appellant urges this Honorable Court to rule as follows:

> …the District Court's ruling should be reversed and the case
> remanded to the Bankruptcy Court with instructions to deny
> Nationstar Mortgage, LLC's motion for relief from the automatic
> stay so that it could continue the foreclosure action in EverBank
> v. Adams and to further rule that the foreclosure sale in EverBank
> v. Adams is void *ab initio* because EverBank never obtained an
> order granting relief from stay so that it could sell the Adams'
> property at a foreclosure sale. Further, it should be ruled that the
> $475,000 that the Adams paid at the foreclosure sale conducted by
> EverBank should be repaid to them immediately by EverBank.

Appellant could not have more plainly revealed her true intentions. She feels she is entitled to a free house.

The breathtaking overreach Appellant seeks would not only constitute an inequitable outcome under the operative circumstances of this case but would also overturn settled property law and real estate practice creating chaos in markets and courts.

For all the foregoing reasons, the District Court's ruling should be affirmed and the Appeal denied. Further, the Adams' appeals to the District Court and to the Third Circuit should be deemed frivolous, thus making appropriate reasonable compensation for Appellee's otherwise unnecessary expenses.

Respectfully submitted,

**McCABE, WEISBERG & CONWAY, LLC**
Attorneys of Record for Appellee,
NATIONSTAR MORTGAGE, LLC

Barbara A. Fein, Esquire
NJ Attorney ID No. 026351988
216 Haddon Avenue, Suite 201
Westmont, NJ 08108
 (856) 858-7080
Email: bfein@mwc-law.com

Dated: November 14, 2024

# CERTIFICATE OF BAR MEMBERSHIP

Pursuant to 3d Cir. L.A.R. 28.3(d), I, Barbara A. Fein, hereby certify that I am a member in good standing of the bar of the United States Court of Appeals for the Third Circuit.

Dated: November 14, 2024        Respectfully submitted,

**McCABE, WEISBERG & CONWAY, LLC**
Attorneys of Record for Appellee,
NATIONSTAR MORTGAGE, LLC

Barbara A. Fein, Esquire
NJ Attorney ID No. 026351988
216 Haddon Avenue, Suite 201
Westmont, NJ 08108
(856) 858-7080
Email: bfein@mwc-law.com

## ELECTRONIC DOCUMENT COMPLIANCE CERTIFICATION

I, Barbara A. Fein, hereby certify that:

1. Pursuant to Federal Rule of Appellate Procedure 28(a)(10), (b) and 32(g)(1), and 3d Cir. L.A.R. 31.1(c), the Appellee's brief contains 2,140 words and 233 lines of text, excluding parts of the Brief exempted by Rule 32(f).

2. This Brief complies with the typeface requirements of Federal Rules of Appellate Procedure Rule 32(a)(6), in that it has been prepared in a proportionally spaced typeface using Microsoft Word in Times New Roman 14-point font.

3. This brief complies with the electronic filing requirements of Local Rule 311(c). The text of this electronic brief is identical to the text of the paper copies, and Windows Defender has been run on the file containing the electronic version of this brief and no virus has been detected.

Dated: November 14, 2024     Respectfully submitted,

**McCABE, WEISBERG & CONWAY, LLC**
Attorneys of Record for Appellee,
NATIONSTAR MORTGAGE, LLC

Barbara A. Fein, Esquire
NJ Attorney ID No. 026351988
216 Haddon Avenue, Suite 201
Westmont, NJ 08108
 (856) 858-7080
Email: bfein@mwc-law.com

# CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Appellate Procedure 25(d) and 3d Cir. L.A.R. 113.4(c), I hereby certify that on the date indicated below, I filed the foregoing document with the Clerk of the Court, using the CM/ECF system, which will automatically send notification and a copy of the brief to counsel who have appeared for the parties and are CM/ECF participants.

Dated: November 14, 2024        Respectfully submitted,

**McCABE, WEISBERG & CONWAY, LLC**
Attorneys of Record for Appellee,
NATIONSTAR MORTGAGE, LLC

Barbara A. Fein, Esquire
NJ Attorney ID No. 026351988
216 Haddon Avenue, Suite 201
Westmont, NJ 08108
 (856) 858-7080
Email: bfein@mwc-law.com

# 24-1212-cv

# UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

EILEEN T. ADAMS,

                     Debtor-Appellant,

-against-

NATIONSTAR MORTGAGE, LLC,

                     Appellee.

## ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY

## SUPPLEMENTAL APPENDIX TO BRIEF ("*SA*")

**McCABE, WEISBERG & CONWAY, LLC**
Attorneys of Record for Defendant-Appellee,
NATIONSTAR MORTGAGE, LLC
Barbara A. Fein, Esquire
NJ Attorney ID No. 026351988
216 Haddon Avenue, Suite 201
Westmont, NJ 08108
(856) 858-7080
Email: bfein@mwc-law.com

## <u>CONTENTS OF APPELLEE'S SUPPLEMENTAL APPENDIX (*SA*)</u>

**<u>Page</u>**

Mortgage Foreclosure Docket F-35591-14
Order entered November 30, 2018
Denying Adams' Motion to Vacate the Final
Judgment of Foreclosure entered on March 21, 2017          *SA-324a*

Mortgage Foreclosure Docket F-35591-14
Order entered January 16, 2019
Denying Adams' Motion seeking Reconsideration of
Order entered on November 30, 2018                         *SA-325a*

Unpublished Opinion decided July 15, 2020
Superior Court of New Jersey's Appellate Division
Appellate Docket No. A-2435-18T2                           *SA-327a*

Opinion issued March 24, 2022
In re: Gary D. Adams
Bankr. Case No. 19-14488-ABA                               *SA-339a*

Order entered October 14, 2022
Vacating Stay and Granting *in Rem* Relief
In re: Eileen T. Adams
Bankr. Case No. 22-13384-ABA                               *SA-344a*

Concise Summary of the Case filed on behalf of
Appellant Eileen Adams on February 23, 2024               *SA-353a*

DAVID A. KASEN, ESQUIRE
KASEN & KASEN
Society Hill Office Park
Suite 3
1874 E. Marlton Pike
Cherry Hill, NJ 08003
Telephone (856) 424-4144
Fax (856) 424-7565
Email: dkasen@kasenlaw.com
Attorneys for Defendant, Eileen T. Adams
ID# 262881970

| | |
|---|---|
| EverBank, | SUPERIOR COURT OF NEW JERSEY |
| Plaintiff, | CHANCERY DIVISION |
| v. | CAMDEN COUNTY |
| John J. Tierney, III, Individually and as Co-Executor for the Estate of John J. Tierney, II, et al., | Docket No. F-035691-14 |
| Defendants. | Civil Action |

### ORDER VACATING FINAL JUDGMENT OF FORECLOSURE
### PURSUANT TO R. 4:50-1

THIS MATTER having been opened to the Court by David A. Kasen, Esquire, of

Kasen & Kasen, attorneys for defendant, Eileen T. Adams, pursuant to a Motion seeking

to vacate the Final Judgment of Foreclosure entered by the Court on March 21, 2017, and

the Court having reviewed the pleadings and having heard the arguments of counsel, and

for good cause shown;

IT IS on this 30ᵗʰ day of November, 2018 ORDERED that the

Final Judgment of Foreclosure dated March 21, 2017 shall be vacated for the reasons set

forth on the record.

DENIED

_____
Nan S. Famular, P.J. Ch.                          J.S.C.

**McCABE, WEISBERG & CONWAY, LLC**
James A. French, Esq. (NJ ID: 134352014)
John M. Kolesnik, Esq. (NJ ID: 012412010)
216 Haddon Avenue, Suite 201
Westmont, New Jersey 08108
(856) 858-7080
*Attorneys for Plaintiff, Everbank*

| | |
|---|---|
| EVERBANK,<br><br>    Plaintiff,<br><br>v.<br><br>JOHN J. TIERNEY, III, et al.,<br><br>    Defendants. | SUPERIOR COURT OF NEW JERSEY<br>CAMDEN COUNTY<br>CHANCERY DIVISION<br><br>DOCKET NO.: F-35591-14<br><br>*Civil Action*<br><br>**ORDER** |

    **THIS MATTER** having been opened to the Court by Defendant, Eileen T. Adams

("Defendant") on a Motion for Reconsideration; and on notice to Plaintiff, Everbank

("Plaintiff"); and Plaintiff having filed a Cross-Motion for Sanctions and an Award of Attorneys'

Fees and Costs against Defendant; and the Court having reviewed the moving and responding

papers and the arguments of the parties; and for good cause shown;

    **IT IS** on this 16 day of ~~Jan~~ , 2019:

    **ORDERED** that Defendant's Motion for Reconsideration shall be and hereby is

**DENIED** in its entirety with prejudice; and it is *for reasons set forth on the record on jan 15, 2019*

    ~~**FURTHER ORDERED** that Plaintiff's Cross-Motion for Sanctions and an Award of~~

~~Attorneys' Fees against Defendant shall be and hereby is **GRANTED** in its entirety; and it is~~

    ~~**FURTHER ORDERED** that an attorneys' fees and costs award shall be and hereby is~~

~~**ENTERED** against Defendant and in favor of Plaintiff in the total amount of $910.00, which~~

**SA-325a**

represents the total fees and costs Plaintiff incurred defending Defendant's Motion for

Reconsideration; and it is

**FURTHER ORDERED** that **DEFENDANT SHALL SUBMIT PAYMENT** to

Plaintiff on or before February 8, 2019; and it is

**FURTHER ORDERED** that counsel for Plaintiff shall serve a true and correct copy of

this Order upon all parties to this action within seven (7) days of its receipt hereof.

Hon. Nan S. Famular, P.J.Ch.

*SA-326a*

Tierney 14-200059                                    Order

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2435-18T2

EVERBANK,

      Plaintiff-Respondent,

v.

JOHN J. TIERNEY, III,
Individually and as Co-Executor
for the Estate of John J. Tierney, II,
DAVID LYLE SEGAL, Co-Executor
for the Estate of John J. Tierney, II,
STATE OF NEW JERSEY,
UNITED STATES OF AMERICA,
MR. ADAMS, Husband of Eileen
Adams, LAKELAND BANK,
ARCHER & GREINER PC and
KULZER & DIPADOVA PA,

      Defendants,

and

EILEEN T. ADAMS,

      Defendant-Appellant.

_____

Submitted February 3, 2020 – Decided July 15, 2020

Before Judges Ostrer and Vernoia.

On appeal from the Superior Court of New Jersey, Chancery Division, Camden County, Docket No. F-035591-14.

Kasen & Kasen, PC, attorneys for appellant (David A. Kasen, on the briefs).

McCalla Raymer Leibert Pierce LLC, attorneys for respondent (Cara Ann Murphy, on the brief).

PER CURIAM

Defendant Eileen Adams appeals from the trial court's November 30, 2018 order denying her motion to vacate a final judgment of foreclosure, and the court's January 15, 2019 order denying her motion for reconsideration. Adams questions plaintiff's standing. She challenges the validity of the assignment of mortgage to plaintiff, and contends also that plaintiff did not possess the note before filing suit. We reject the first argument and affirm.

I.

In June 2008, Adams and her husband deeded their Voorhees residence, which they owned since 2004, to Adams's father, John J. Tierney, II, for $280,000. In May 2009, Tierney borrowed $360,000 from AmTrust Bank (AmTrust), evidenced by an electronic note or "eNote," which was secured by a mortgage on the house in favor of Mortgage Electronic Registration Systems,

2

Inc. (MERS) as nominee for AmTrust, its successors and assigns. Tierney passed away three months later, leaving his interest in the house to Adams. A few months after that, the Office of Thrift Supervision placed AmTrust into receivership, and the Federal Deposit Insurance Corporation (FDIC) became receiver. Under a purchase and assumption agreement with the FDIC, the New York Community Bank (NYCB) acquired AmTrust's assets and liabilities, subject to various exceptions. Whether the Tierney loan was excluded is difficult to discern, as the record includes a redacted version of the purchase and assumption agreement. Omitted are schedules of various excluded assets, including a list of over 5000 non-performing residential loans.[1]

Notwithstanding the FDIC agreement with NYCB, the Tierney note and mortgage went elsewhere. According to the eNote Transfer History, at the FDIC's request, on February 4, 2010, TIAA, FSB became the new servicing agent on the note.[2] According to the eNote Transfer History, on January 23,

---

[1] Conceivably, in the months immediately following Tierney's death, the mortgage may have been non-performing.

[2] The eNote Transfer History described an "Action Type: Transfer of Servicing Agent" and listed "Requesting Party: . . . FDIC as Receiver for AmTrust Bank." Neither party presented a certification from a person familiar with the nomenclature in the eNote Transfer History, to illuminate the meaning or significance of these entries.

A-2435-18T2

2014, control of the note was also transferred to TIAA, FSB.[3] In the meantime, in November 2013, MERS – as nominee of AmTrust and its successors and assigns – assigned the Tierney mortgage to EverBank.  It was recorded the following month.

Adams asserted she was unaware of AmTrust's 2009 failure.  She defaulted in August 2013.

EverBank filed its complaint for foreclosure in August 2014.  Adams filed a pro se answer asserting a lack of standing among other defenses.  However, she did not oppose EverBank's subsequent summary judgment motion.  In October 2015, the court granted EverBank's motion and converted Adams's answer to non-contesting.

According to the eNote Transfer History, on May 11, 2016, TIAA, FSB, transferred control and servicing of the note to Nationstar Mortgage LLC (Nationstar).[4] In July 2016, EverBank assigned the mortgage to Nationstar, but

---

[3] The eNote Transfer History described an "Action Type: Transfer Control and Location - Seasoned"; listed Fannie Mae as the "Requesting Party" and TIAA, FSB as the "New Controller Org."

[4]  The eNote Transfer History described an "Action Type: Transfer All - Seasoned" and listed TIAA, FSB as the "Requesting Party" and Nationstar Mortgage LLC as the "New Controller Org," the "New Location," and the "New Servicing Agent."

A-2435-18T2

EverBank continued to litigate the foreclosure case without a formal substitution of parties.

Notwithstanding the assignment to Nationstar, a Nationstar document specialist stated, in a February 2017 affidavit supporting EverBank's motion for entry of final judgment, that Nationstar was EverBank's servicer; and EverBank then held the note and mortgage. The specialist did not provide the basis for her knowledge, other than a general reference to Nationstar's business records.

Adams did not oppose the motion and final judgment was entered on March 21, 2017.

That same day, Adams and her husband filed a bankruptcy petition. They received an order of discharge on June 30, 2017. On January 9, 2018, Adams filed another bankruptcy petition. On September 6, 2018, the court granted Adams limited relief from the automatic stay, allowing her to file a motion to vacate the final judgment, which she did on September 26, 2018.

Adams argued EverBank lacked standing to bring the foreclosure action because it possessed neither the note nor a valid assignment of the mortgage before it filed its complaint. Adams argued that EverBank did not appear as the holder of the note in the MERS eRegistry, which identified various electronic transfers of the note. Adams also contended the assignment of mortgage to

EverBank was invalid because AmTrust, on whose behalf MERS purported to act, no longer possessed an interest in the mortgage because of the FDIC-NYCB agreement. Adams claimed that AmTrust's 2009 failure, and the record of the note's transfers, was newly discovered evidence under <u>Rule</u> 4:50-1(b); and EverBank's claim that it was the holder of the note and mortgage was a misrepresentation under <u>Rule</u> 4:50-1(c).

The trial court found that Adams's motion was time-barred because she filed it over one year after the judgment, <u>see</u> <u>Rule</u> 4:50-2, but the court also denied the motion on the merits. The judge noted evidence of AmTrust's failure was not new evidence as it was a matter of public record when the complaint was filed. The judge also rejected Adams's attack on standing, which relied on an unpublished decision of our court, which the trial judge distinguished.

The trial court also denied Adams's subsequent motion for reconsideration. Again reaching the merits, the judge concluded that EverBank was the holder of the note based on the electronic record of the transfer to TIAA, FSB; the judge found, based on a particular exhibit, that TIAA, FSB was in fact EverBank.[5] The judge rejected Adams's challenge to the assignment of the

---

[5] EverBank's counsel conceded that the motion record did not include competent evidence regarding the nature and timing of the TIAA, FSB merger with

mortgage, finding that AmTrust's failure did not deprive MERS of the power to assign the mortgage to EverBank. The judge determined EverBank was not obliged to produce evidence of AmTrust's failure as it was not a party to the transaction between AmTrust and MERS.

On appeal, Adams reprises her argument that EverBank lacked standing and urges us to vacate the final judgment under Rule 4:50-1(b), (c), (e), and (f).

## II.

We review a trial court's decision on a motion to vacate final judgment for an abuse of discretion. U.S. Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 467 (2012). We find no abuse of discretion here.

We shall assume for purposes of this appeal that Adams's motion was timely. A motion for relief from a judgment under Rule 4:50-1 must be filed within a reasonable time; and, if based on Rule 4:50-1(a), (b), or (c), within one year. R. 4:50-2. While the automatic bankruptcy stay was in place, the

---

EverBank. The judge apparently referred to the MERS eRegistry which indicated that TIAA, FSB requested a "Transfer All - Seasoned" on May 11, 2016. However, we find no support in the record for the court's conclusion that the document had "a notation . . . stating TIAA, FSB is in fact EverBank" as of May 11, 2016. We note that, according to an 8K form TIAA, FSB filed with the Securities and Exchange Commission, of which we take judicial notice, see N.J.R.E. 201(b)(3), N.J.R.E. 202(b), TIAA, FSB Holdings, Inc. merged with EverBank Financial Corp. in 2017, completing a transaction announced in 2016. See TIAA FSB Holdings, Inc., Current Report (Form 8-K) (June 9, 2017).

A-2435-18T2

Bankruptcy Code suspended the running of the one-year period under Rule 4:50-2 for filing a motion to vacate under Rule 4:50-1(a), (b) or (c).  See 11 U.S.C. § 108(c)(1).  Once the stay was lifted, Adams had thirty days to file her motion. See 11 U.S.C. § 108(c)(2).  She filed within that time.  See Aslanidis v. United States Lines, Inc., 7 F.3d 1067, 1073 (2d Cir. 1993) (noting that section 108(c)(1) suspends, but does not toll, deadlines in federal or state statutes, and section 108(c)(2) provides a one-time, thirty-day extension of deadlines, even if already expired, running from the date of the notice of termination of the stay); see also Nativo v. Grand Union Co., 315 N.J. Super. 185, 188 (App. Div. 1998) (noting that the automatic stay does not toll the running of a statute of limitations; rather, a party has thirty days to file an action against which the limitations period has otherwise run).  We shall also assume that the motion was also filed "within a reasonable time."  R. 4:50-2.

To secure relief from the foreclosure judgment, Adams principally relies on Rule 4:50-1(b) and (c).  Rule 4:50-1(b) allows relief from a judgment based on "newly discovered evidence which would probably alter the judgment or order and which by due diligence could not have been discovered in time to move for a new trial under R. 4:49."  Under subsection (b), "the party seeking relief must demonstrate 'that the evidence would probably have changed the

8

result, that it was unobtainable by the exercise of due diligence for use at the trial, and that the evidence was not merely cumulative.'" DEG, LLC v. Twp. of Fairfield, 198 N.J. 242, 264 (2009) (quoting Quick Check Food Stores v. Twp. of Springfield, 83 N.J. 438, 445 (1980)).

To satisfy Rule 4:50-1(c) – allowing relief based on "fraud . . ., misrepresentation, or other misconduct of an adverse party" – the fraud or misrepresentation "must be shown by clear, convincing and satisfactory evidence to have been not merely false, but willfully and purposely given, and to have been material to the issue tried and not merely cumulative, but such as to have probably controlled the result." Pavlicka v. Pavlicka, 84 N.J. Super. 357, 366 (App. Div. 1964).  Furthermore, the movant must show that "the fact of the falsity of the testimony 'could not have been discovered by reasonable diligence in time to offset it at the trial or that [f]or other good reason the failure to use diligence is in all the circumstances not a bar to relief.'" Ibid. (emphasis in original) (quoting Shammas v. Shammas, 9 N.J. 321, 330 (1952)).

For purposes of our analysis of Adams's motion under subsections (b) and (c), we assume, without deciding, that she could not have discovered, by the exercise of due diligence, the fact that AmTrust failed, NYCB obtained AmTrust assets (but not all Amtrust assets), and the eNote Transfer History did not list

A-2435-18T2

EverBank as a transferee.  We conclude nonetheless that the discovery would not have enabled Adams to prevail on her defense that EverBank lacked standing; consequently, the trial court did not err in declining to vacate the judgment on that ground.

"[E]ither possession of the note or an assignment of the mortgage that predated the original complaint confer[s] standing."  Deutsche Bank Trust Co. Americas v. Angeles, 428 N.J. Super. 315, 318 (App. Div. 2012) (citing Deutsche Bank National Trust Co. v. Mitchell, 422 N.J. Super. 214, 216 (App. Div. 2011)).  It suffices to focus on the assignment of the mortgage.[6]

The assignment of mortgage was executed in November 2013 by MERS as nominee not only for AmTrust, but also its successors and assigns.  It was duly recorded in December 2013, before EverBank filed its complaint.  The trial court rejected Adams's argument that the assignment was ineffectual.  For two reasons, we shall not disturb the trial court's determination.

---

[6] Therefore, we need not reach the trial court's conclusion that TIAA, FSB – to which the note was transferred in 2010 according to the eNote Transfer History – was one and the same as EverBank – which filed the foreclosure action in 2014 – absent competent evidence in the record regarding the two entities' relationship.  The Nationstar employee's certification in 2017 that EverBank was then the holder of the note and mortgage – assuming for argument's sake that the employee had a basis in personal knowledge for that assertion – does not address the question regarding pre-suit control of the note.

A-2435-18T2

First, Adams failed to demonstrate, as a factual matter, that NYCB acquired the Tierney mortgage along with other AmTrust assets under the FDIC-NYCB asset purchase agreement; or that MERS lacked authority to assign the Tierney mortgage to EverBank. The FDIC-NYCB agreement stated that NYCB acquired various AmTrust assets, subject to numerous exceptions set forth in schedules. But those were redacted from the document presented to the trial court. Notably, notwithstanding the FDIC-NYCB agreement, Adams has not produced any evidence of a recorded assignment of the mortgage to NYCB. Also, the fact that AmTrust may not have existed in 2013 does not necessarily mean MERS lacked authority to transfer the mortgage, as MERS was the nominee not only of AmTrust, but also its successors and assigns. As the party seeking relief from the judgment, Adams had the burden – not plaintiff – to establish grounds for relief. See Jameson v. Great Atl. & Pac. Tea Co., 363 N.J. Super. 419, 425-26 (App. Div. 2003). Adams failed to meet her burden.

Second, any claim that MERS acted in derogation of NYCB's rights, is not for Adams to assert. Adams is not a party to the FDIC-NYCB agreement, nor is she a third-party beneficiary. Therefore, she lacks standing to assert a claim that MERS acted in breach of the agreement. See Rajamin v. Deutsche Bank Nat'l Trust Co., 757 F.3d 79, 88-90 (2d Cir. 2014) (holding that mortgagors

A-2435-18T2

lacked standing to complain that the assignment of their mortgages to the defendant violated the terms of a pooling agreement in which the mortgagors' original lender was a party)[7]; Correia v. Deutsche Bank Nat'l Trust Co., 452 B.R. 319, 324 (B.A.P. 1st Cir. 2011) (stating that debtors lacked standing to object that an assignment of their mortgage violated a pooling and servicing agreement because they were neither parties to, nor third-party beneficiaries of, the agreement); Livonia Prop. Holdings, L.L.C. v. 12840-12976 Farmington Rd. Holdings, L.L.C., 717 F. Supp. 2d 724, 736-37 (E.D. Mich. 2010) (stating "a litigant who is not a party to an assignment lacks standing to challenge that assignment"), aff'd, 399 F. App'x 97 (6th Cir. 2010).

To the extent not addressed, Adams's remaining arguments lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[7] The Second Circuit in Rajamin noted that the plaintiffs failed to assert any real threat of harm based on the claim that their mortgages were held by someone other than the defendant. 757 F.3d at 85. The court noted, "[P]laintiffs' challenge to defendants' claim of ownership of plaintiffs' loans, implying that the loans are owned by some other entity or entities, is highly implausible, for that would mean that since 2005 there was no billing or other collection effort by owners of loans . . . ." Ibid. The court deemed the danger that the plaintiffs' would have to make duplicate loan payments was "entirely hypothetical." Ibid. In this case, no one has made an effort to enforce the right to foreclose against Adams since the 2013 default, other than EverBank.

A-2435-18T2

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY
### MITCHELL H. COHEN U.S. COURTHOUSE
### 401 Market Street
### P.O. BOX 2067
### CAMDEN, NJ 08101-2067

**Andrew B. Altenburg, Jr.**                                                    **(856) 361-2300**
**U.S. BANKRUPTCY JUDGE**

March 24, 2022

David A. Kasen, Esq.                    James French, Esq.
Kasen & Kasen                           McCabe Weisberg
1874 East Route 70, Suite 3             216 Haddon Avenue, Suite 201
Cherry Hill, NJ 08003                   Westmont, NJ 08108

        **RE:   In re Gary Adams**
               **Bankr. Case No. 19-14488ABA**

Dear Counsel:

        Debtor Gary Adams filed a motion styled "Motion to Impose Automatic Stay and to Fix Damages for Willful Violation of Stay." Doc. No. 23. He seeks an order staying a scheduled sheriff sale of Adams' residence, a declaration that Everbank and Nationstar (the "Respondents") violated the automatic stay by scheduling this sale and by inspecting the property, and sanctions against them for this. *See* Proposed Order at Doc. No. 23-27.[1] The Respondents opposed the motion.[2] Doc. No. 28. A hearing was held March 15, 2022, after which the court took the matter under advisement.

        Regarding the scheduling of a sheriff sale, the court finds several reasons why the stay was not violated. First, Mr. Adams argues that the stay applied to "the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title[.]" 11 U.S.C. § 362(a)(1). But he conceded that there was no claim against him as he does not own the property and is not liable on the note or mortgage.

---

[1] A significant portion of Mr. Adams' certification also raised the issue of the Respondents' standing in the state court to bring a foreclosure action, i.e., that facts provided to the state court by the Respondents was false, but attorney Kasen indicated that this was just presented as background information to this court. Moreover, that issue was asked and answered in this court in the bankruptcy case of Mr. Adams' wife, Eileen, which during the March 1st hearing, Mr. Kasen conceded as such. *See* Bankr. No. 18-10466-ABA, Doc. Nos. 40, 42.

        Any further challenges to the state court foreclosure action and/or the Judgment of Foreclosure are inappropriate in this court as barred by estoppel, res judicata and/or the Rooker-Feldman doctrine, and perhaps, the Entire Controversy Doctrine.

[2] For the reasons set forth on the record in its oral decision on the issue, the court denied Mr. Adams' request that the response in opposition be stricken as untimely.

Second, the stay against property of the estate ends when the property is no longer property of the estate. 11 U.S.C. § 362(c)(1). Pursuant to this court's decision *In re Larzelere*, 633 B.R. 677 (Bankr. D.N.J. 2021), any possessory right vested in Mr. Adams upon confirmation of his chapter 13 plan, therefore it is no longer property of the estate and thus there is no stay of Mr. Adams' possessory interest to enforce. As for the automatic stay protecting recovery against a debtor, as opposed to property of the estate, that stay only extends to claims that arose before the commencement of the case, *see* 11 U.S.C. § 362(a)(1), (2), (5), (6), but, as stated above, there is no claim against Mr. Adams because the Judgement of Foreclosure is against his wife only.[3]

Third, Mr. Adams relies on this possessory interest as described in *In re Atlantic Business & Community Corp.*, 901 F.2d 325 (3d Cir. 1990). But while that decision sets forth an equitable possessory interest in property, decisions in the 32 years since it was decided have narrowed its holding to require more than just possession for the stay to apply. *In re Glob. Outreach, S.A.*, 09-15985 (DHS), 2009 WL 1606769 (Bankr. D.N.J. June 8, 2009) (citing *Atlantic Business*, but then stating that courts since have "routinely found" that only "possession accompanied by other interests in property is protected by the automatic stay."). *Id.*, 2009 WL 1606769, at *8.

For example, in not reversing prospective relief granted to the purchaser at a foreclosure sale, the District Court in *In re St. Clair*, required that one asserting a possessory interest have a "good-faith, colorable claim to possession." *In re St. Clair*, 251 B.R. 660, 666 (D.N.J. 2000). This conclusion was affirmed by the Third Circuit. *See St. Clair v. Wood*, 281 F.3d 224 (3d Cir. 2001). The stay should not be applied "to a purchaser's attempt to obtain possession of residential real property wrongfully being held by the debtor/former owner, when the debtor has no good-faith, colorable claim to possession and the purchaser's right to possession is not in dispute." *In re St. Clair*, 667. The debtor in *Twin Rivers Lake Apartments Horizontal Prop. Regime, Inc. v. Wallner*, CIVA 05-4560, 2006 WL 2023188 (D.N.J. July 18, 2006), who, like Mr. Adams, was not named in the foreclosure complaint, argued that she had a possessory interest protected by the stay. *Id.*, at *6. The court noted that while in *Atlantic Business*, the debtor was a tenant at sufferance, *id.*, at *9, the *Twin Rivers* debtor occupied the apartment solely as a guest of her father-owner. *Id.* As such, she had "no colorable legal interest in the property beyond that." *Id.* Accordingly, the court ruled that the sheriff sale did not violate the stay, and the resulting deed was not null and void. *Id.*, at *10.

Mr. Adams' assertion of a statutory right of possession protected by the stay fails too. N.J.S.A. 3B:28-3 provides:

> a. During life every married individual shall be entitled to joint possession with his spouse of any real property which they occupy jointly as their principal matrimonial residence and to which neither dower nor curtesy applies. . . .

N.J.S.A. 3B:28-3(a).

N.J.S.A. 3B:28-3 was enacted in conjunction with the abolition of dower and curtesy. *See* N.J.S.A. 3B:28-2 (eff. May 1, 1982). It effectively reinstituted dower and curtesy rights to spouses

---

[3] Any stay will end soon as Mr. Adams' last plan payment was due March 1. *See* 11 U.S.C. § 362(c)(2).

for real property only. *See Reibman v. Myers*, 451 N.J. Super. 32, 44 (App. Div. 2017). Thus, its purpose is to protect the possessory right of a non-owner spouse. *See Prop. Asset Mgmt., Inc. v. Momanyi*, A-2713-09T2, 2011 WL 4056076, at *5 (N.J. Super. Ct. App. Div. Sept. 14, 2011) ("It is clear the statute precludes the unilateral sale of the marital home by the owner of record."). *See In re Rosa*, 261 B.R. 136, 139 (Bankr. D.N.J. 2001) ("The right to joint possession makes the marital residence subject to equitable distribution upon dissolution of the marriage.").

The right can be extinguished.

c. The right of joint possession shall be extinguished by the consent of both parties, by the death of either spouse, by judgment of divorce, separation or annulment, by other order or judgment which extinguishes same, or by voluntary abandonment of the principal matrimonial residence.

N.J.S.A. 3B:28-3(c).

If not extinguished, then a transferee will take subject to the right.

a. . . . One who acquires an estate or interest in real property from an individual whose spouse is entitled to joint possession thereof does so subject to such right of possession, unless such right of possession has been released, extinguished or subordinated by such spouse or has been terminated by order or judgment of a court of competent jurisdiction or otherwise. . . .

N.J.S.A. 3B:28-3(a). *In re Rosa*, 261 B.R. 136, 139 (Bankr. D.N.J. 2001) ("Conveyance of the marital residence by the spouse who holds title without the consent of the other spouse does not extinguish the other spouse's right to joint possession.") (citing *Arnold v. Anvil Realty Inv., Inc.*, 233 N.J. Super. 481, 487 (N.J. Super. App. Div. (1989)). If Mr. Adams holds this statutory right, then a purchaser at sheriff sale would take subject to that right. Since the right of joint possession would not be affected, no stay violation would occur.

However, Mr. Adams' statutory right of possession may be subordinate to the Respondents' mortgage, that is, rather than the mortgage being subject to his right of joint possession, that right is subject to the mortgage. N.J.S.A. 3B:28-3.1 sets forth exceptions to N.J.S.A. 3B:28-3.

The right of joint possession to the principal matrimonial residence as provided in N.J.S. 3B:28-3 is subject to the lien of a mortgage, irrespective of the date when the mortgage is recorded, provided:

a. The mortgage is placed upon the matrimonial residence prior to the time that title to the residence was acquired by the married individual; or
b. The mortgage is placed upon the matrimonial residence prior to the marriage; or
c. The mortgage is a purchase money mortgage; or
d. The parties to the marriage have joined in the mortgage; or

*SA-341a*      3

e. The right of joint possession has been subordinated, released or extinguished by
subsection b. or c. of N.J.S. 3B:28-3.

N.J.S.A. 3B:28-3.1.

Mr. Adams does not dispute that the Adamses conveyed the property to Mr. Adams' father-
in-law, John J. Tierney, II, in June 2008. In May 2009, Mr. Tierney refinanced the property,
including executing the mortgage in favor of the Respondents. In August 2009, Mr. Tierney died,
leaving the property to Mr. Adams' wife, subject to that mortgage. Thus, the mortgage predated
transfer of title to Mr. Adams' wife, i.e., was "placed upon the matrimonial residence prior to the
time that title to the residence was acquired by the married individual." Accordingly, Mr. Adams'
interest is subject to/inferior to the mortgage, as having come into existence after the mortgage
was granted. *See U.S. Bank Nat'l Ass'n as Tr. for CMALT Remic Series 2007-A2-Remic Pass-
Through Certificates Series 2007-A2 v. Ahmed*, A-0570-18T2, 2019 WL 4879374 (N.J. Super. Ct.
App. Div. Oct. 3, 2019):

> As a spouse, Sheikh enjoyed a possessory interest in the property. See N.J.S.A.
> 3B:28-3. But that interest was subject to US Bank's mortgage. See N.J.S.A. 3B:28-
> 3.1 . . . US Bank's recorded mortgage is superior because the recordation was prior
> to Sheikh's acquisition of her possessory interest.

*Id.*, at *2; *Czyz v. Carrington Mortgage Servs., LLC*, A-1523-15T2, 2017 WL 1629438, at *3 (N.J.
Super. Ct. App. Div. May 2, 2017) ("Under *N.J.S.A.* 3B:28–3, a spouse has a right of joint
possession to the principal marital residence. However, that right is subject to the lien of a
mortgage, if placed on the residence before the marriage. *N.J.S.A.* 3B:28–3.1[.]").

This of course, is academic, since no sale occurred: Mr. Adams filed the motion prior to
the scheduled sale. To the extent that Mr. Adams wanted the court to "impose" a stay, as already
stated, any possessory right that became property of the estate is no longer property of the estate
protected by a stay, and any property of the debtor is only protected by the stay as to prepetition
claims.

Mr. Adams next argues that because a sheriff sale is a step toward eviction, it yet violates
the stay. But caselaw clearly refutes that contention.

> The occurrence of a sheriff's sale, moreover, is not determinative of a debtor's
> possessory interest in property, because nothing automatically prevents a debtor
> from remaining on the premises after it is sold and retaining bare possession, even
> if the debtor has no right to possession and cannot reinstate his former mortgage.

*In re Belmonte*, 240 B.R. 843, 854 (Bankr. E.D. Pa. 1999), *aff'd in part, rev'd in part on other
grnds, 279 B.R. 812 (E.D. Pa. 2001). See Twin Rivers*, 2006 WL 2023188, at *10 (court assuming
for argument's sake that the debtor had a possessory interest, stated that the sheriff's sale, as
opposed to an eviction, did not violate the stay because the debtor's interests would remain
"unaffected by the sale.").

To the extent that Mr. Adams alleges that the Respondents violated the stay by *scheduling*, longstanding Third Circuit precedent holds that re-scheduling a sheriff sale does not in of itself violate the automatic stay. *Taylor v. Slick*, 178 F.3d 698, 701 (3d Cir. 1999) ("the continuance of a sheriff's sale in accordance with state law procedure during the pendency of an automatic stay does not violate § 362(a)(1)."). Mr. Adams stated that he filed this bankruptcy case to "prevent a scheduled Sheriff Sale . . . from going forward." Doc. No. 23-1, p. 2, ¶ 6. Thus, the scheduling he complains of it not the first, but a re-scheduling from a prepetition sale.

Finally, regarding the home inspections conducted by the Respondents, they cite to their mortgage for authority to inspect the exterior of a home that is their collateral. Doc. No. 28, p. 11. But even if not allowed to inspect, this conduct would not violate the stay, as it is not an act to obtain possession of the property or to exercise control over the property (they did not attempt to evict Mr. Adams), or to collect on a prepetition claim (there is none against Mr. Adams). In addition, the emotional distress alleged by Mr. Adams seemed excessive in the circumstances. *See In re Lansaw*, 853 F.3d 657 (3d Cir. 2017) (describing circumstances warranting, and evidence required, to prove emotional distress damages for stay violations).

As Mr. Adams' possessory interest vested in him upon confirmation of his chapter 13 plan, and otherwise was not affected by the re-scheduling of the sheriff sale or the drive-by inspection of his wife's property, his Motion to Impose Stay is denied.

Very truly yours,

/s/ Andrew B. Altenburg, Jr.
United States Bankruptcy Judge

*SA-343a*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

In Re:

Eileen T. Adams,

Debtor

Order Filed on October 14, 2022
by Clerk
U.S. Bankruptcy Court
District of New Jersey

Case No.:                    22-13384 ABA

Chapter:            13

Judge:              Andrew B. Altenburg, Jr.

Hearing Date:       October 11, 2022

## ORDER VACATING STAY AND GRANTING IN REM RELIEF FROM STAY

The relief set forth on the following pages, numbered two through nine, is hereby **ORDERED**.

DATED: October 14, 2022

Honorable Andrew B. Altenburg, Jr.
United States Bankruptcy Court

*SA-344a*

*In re Eileen T. Adams*
Case No.: 22-13384-ABA
Order Vacating Stay and Granting In Rem Relief from Stay
Page | 2

_____

The following constitutes this court's findings of fact and conclusions of law as required by Federal Rule

of Bankruptcy Procedure 7052.

**THIS MATTER** having come before the court by Nationstar Mortgage LLC's Motion for Relief from

Stay and Prospective Relief, 11 U.S.C. § 362(d)(4)(B), as to property located at 32 Timberline Drive, Voorhees,

New Jersey (the "Property") (Doc. No. 23);[1] and the debtor filed opposition generally on the basis that Nationstar

does not have standing (Doc. Nos. 26, 27); and the parties appearing and oral argument having been heard on

October 11, 2022; and

**WHEREAS** in one of the debtor's prior cases this court granted limited stay relief for the parties to return

to state court where the debtor could file a motion to vacate the final judgment of foreclosure, Nationstar could

respond, and the state court could decide the motion. Bankr. No. 18-10466-ABA ("Eileen's 2018 Case"), Doc.

No. 29. The state court denied the motion to vacate and the debtor's Motion for Reconsideration. *Id.*, Doc. No.

37, pp. 3, 5. This court then granted stay relief and denied the debtor's motion to disallow Nationstar's claim. *Id.*,

Doc. Nos. 40, 42. The debtor then voluntarily dismissed her case. *Id.*, Doc. Nos. 45, 46; and

**WHEREAS** two months later, the debtor's husband, Gary, filed a chapter 13 case. Bankr. No. 19-14488-

ABA ("Gary's 2019 case"), despite having obtained a chapter 7 discharge in a 2017 case rendering him ineligible

for a discharge in the chapter 13, and despite having so few creditors that he confirmed a plan paying only $25

per month (Gary not being an owner of the Property). *See* Gary's 2019 Case, Doc. Nos. 2, 18. He then attempted

to impose the automatic stay as to the Property, which this court denied. *Id.*, Doc. No. 32. Five months later, the

case closed without discharge[2]; and

_____

[1] "'The prospective order does not interfere with the right of the debtor to file a bankruptcy, but does protect the creditor from multiple delays and removes the incentive of the debtor to act in an abusive manner.'" *In re Hamer*, 2000 WL 1230496, at *7 (E.D. Pa. 2000) (quoting *In re Abdul–Hasan*, 104 B.R. 263, 267 (Bankr. C.D. Cal. 1989)).

[2] *See* Doc. Entry No. 40 in Gary's 2019 case - Case closed without discharge due to previous discharge for the Debtor in case number(s) 17-15449 (Chapter 7).

*In re Eileen T. Adams*
*Case No.: 22-13384-ABA*
Order Vacating Stay and Granting In Rem Relief from Stay
Page | 3

_____

**WHEREAS** only one month after Gary's Motion to Impose Stay was denied, i.e. while that case was still pending, Eileen filed the instant chapter 13 case. Bankr. No. 22-13384-ABA.[3] Nationstar filed its Motion for Relief four months later. *Id.*, Doc. No. 23. It reviews the history of Eileen and Gary's four cases filed jointly or individually between March 2017 and April 2022, notes that the debtor in this case proposes to refinance a loan on the Property that is not her obligation, despite that it is underwater, and alleges that the timing of the couple's bankruptcy petitions has been to delay, hinder and defraud it from proceeding with foreclosure while allowing the debtor to reside at the Property at minimal expense;[4] and

**WHEREAS** the debtor through counsel argues that the Rooker-Feldman doctrine is inapplicable because bankruptcy courts have the power to allow or disallow claims and determine the validity of liens (Doc. No. 26, p. 2). As examples of instances where a bankruptcy court's action does not recognize the preclusiveness of a state court judgment, counsel references the various avoidance action bankruptcy code statutes and the automatic stay, citing *In re Gruntz*, 202 F.3d 1074 (9th Cir. 2000). In determining that federal court was not bound by a state court modification of the automatic stay, that court stated that "the federal courts have the final authority to determine the scope and applicability of the automatic stay." *Id.*, 1083 (footnote omitted). Similarly, the issue in the other case cited by counsel, *In re Dunbar*, 245 F.3d 1058 (9th Cir. 2001), involved whether the bankruptcy court was bound by a state contractor's board determination that an exception to the stay applied to allow it to make certain orders against the debtor; and

**WHEREAS** however, before this court is not an allegation that the state court wrongly modified the automatic stay, or an avoidance action—neither of which implicate the standing of a creditor— but a request to

_____

[3] Nationstar alleges that her case was filed the day before a scheduled sheriff's sale. Doc. No. 23-3, ¶ 46.

[4] Nationstar alleges that its secured claim now totals $639,086, with prepetition arrears of $356,363 and prepetition escrow advances of $123,947. Doc. No. 23-3, ¶ 56. It also notes that the debtor valued the property at $295,000 and disclosed no expenses for home ownership, real estate taxes, or homeowner's insurance. *Id.*, ¶¶ 50-52.

*In re Eileen T. Adams*
Case No.: 22-13384-ABA
Order Vacating Stay and Granting In Rem Relief from Stay
Page | 4

---

vacate the stay on behalf of a creditor. That power does not require ignoring a state court judgment: in fact, it is in light of the state court judgment that Nationstar seeks stay relief. Indeed, the *Gruntz* court also stated "This is not to say that the *Rooker–Feldman* doctrine or the related concepts of res judicata and collateral estoppel are wholly inapplicable in bankruptcy law. Preclusive effect is often extended to pre-petition state judgments as to identical issues raised in subsequent bankruptcy proceedings." *Id.*, 1084. It is to that state court judgment that this court may not overrule. Accordingly, the court rejects debtor counsel's theory; and

**WHEREAS** debtor counsel next argues that the Notice of Intention under New Jersey's Fair Foreclosure Act was flawed and thus the entire foreclosure action could be dismissed without prejudice to correct the deficiency (Doc. No. 26, p. 4). This argument is nonsensical, as there is no foreclosure action before this court— nor could there ever be—for this court to dismiss, and as for the state court action, that lawsuit has concluded, with a denied motion to vacate the judgment and denied motion to reconsider that denial; and

**WHEREAS** debtor counsel next avers that MERS' rules indicate that it cannot hold liens owned or serviced by terminated members (Doc. No. 26, p. 5). Counsel then argues that because AmTrust Bank was a terminated member, MERS had no right or authority to assign the subject mortgage to Everbank four years later (*id.*). This argument raises the standing of Everbank (predecessor to Nationstar) to commence the foreclosure action. However, this court ruled on Everbank and Nationstar's standing in Eileen's 2018 bankruptcy case, which counsel is aware of since he was the debtor's counsel in that case, too. *See* Bankr. No. 18-10466-ABA ("Eileen's 2018 Case"), Doc. Nos. 40, 42. It ruled again in Gary's 2019 Case, which counsel is aware of since he was Gary's counsel in that case, too. *See* Bankr. No. 19-14488-ABA ("Gary's 2019 Case"). This court stated in Gary's 2019 Case that:

> A significant portion of Mr. Adams' certification also raised the issue of the Respondent's standing in the state court to bring a foreclosure action, i.e., that facts provided to the state court by the Respondents was false, but attorney Kasen indicated that this was just presented as background information to this court. **Moreover, that issue was asked and answered in this court in the**

*In re Eileen T. Adams*
*Case No.: 22-13384-ABA*
Order Vacating Stay and Granting In Rem Relief from Stay
Page | 5

---

**bankruptcy case of Mr. Adams' wife, Eileen, which during the March 1st hearing, Mr. Kasen conceded as such**. *See* Bankr. No. 18-10466-ABA, Doc. Nos. 40, 42.

*Id.*, Doc. No. 31, p. 1, n. 1 (emphasis added). Indeed, counsel was warned at that time that **"Any further challenges to the state court foreclosure action and/or the Judgment of Foreclosure are inappropriate in this court as barred by estoppel, res judicata and/or the Rooker-Feldman doctrine, and perhaps, the Entire Controversy Doctrine."** *Id.* (emphasis added); *see In re Kajla*, 824 Fed. Appx. 92, 94 (3d Cir. 2020) (holding that argument that foreclosure judgment was procured by fraud should have been raised in the state foreclosure action, and now was foreclosed by the Entire Controversy Doctrine); and yet

**WHEREAS** the debtor here in a 15-page individual certification accompanied by 116 pages of exhibits also makes various allegations trying to invalidate the state court judgment,[5] including that:

- AmTrust could not have assigned the mortgage to Everbank, thus Everbank had no standing to foreclose[6]

- An E-note registry does not show that Everbank owned the note[7]

- Everbank was never the true owner and therefore had no power to assign anything to Nationstar[8]

- Nationstar was never substituted as plaintiff in the foreclosure action[9]

---

[5] To the extent that the debtor makes legal arguments, she violates D.N.J. LBR 7007-1, prohibiting arguments of the law in client certifications.

[6] The debtor argued in her 2018 case that Everbank had no standing. *See* Eileen's 2018 Case, Doc. No. 21. As stated above, this court rejected that argument after granting limited stay relief for the parties to argue same in state court, where the state court denied the debtor's Motion to Vacate the foreclosure judgment and her motion to reconsider that denial.

[7] The debtor made this argument in 2018. *See* Eileen's 2018 Case, Doc. No. 22-6.

[8] Another standing argument, which this court is precluded from addressing by the Rooker-Feldman doctrine.

[9] Nationstar probably did not have to be substituted into the case, as New Jersey Rules of Court provide that "[i]n case of any transfer of interest, the action may be continued by or against the original party, unless the court on motion directs the person to whom the interest is transferred to be substituted in the action or joined with the original party." N.J. Ct. R. R. 4:34-3. The debtor never alleges that anyone ever moved the court to direct Everbank to substitute in Nationstar.

*In re Eileen T. Adams*
*Case No.: 22-13384-ABA*
Order Vacating Stay and Granting In Rem Relief from Stay
Page | 6

---

- A cover page to Everbank's Motion for Entry of Final Judgment in the state court shows that the mortgagee was Fannie Mae.[10]

- The state court complaint never mentions that AmTrust did not provide the mortgage funding, that it went out of business in 2009, or that it could not have assigned the mortgage to Everbank in 2013.[11]

- The state court complaint fails to state that Fannie Mae was the true owner "and continues to be the true owner" of the obligation, Doc. No. 27, ¶ 33; the attorneys for Everbank were under a continuing obligation under court rules to correct the certification.[12]

- The Notice of Intention should have identified the lender rather than just the loan servicer, but the Notice in the state court foreclosure action nowhere identified Fannie Mae as the true lender and/or obligee. "The aforesaid is just one more reason why the mortgage foreclosure sale should not go forward." Doc. No. 27, ¶ 42.[13]

- An Affidavit of Talya Harris filed in the state court foreclosure action falsely stated that Everbank was the holder of the note and mortgage.[14]

---

[10] Nothing on the exhibit purporting to support this allegation links the exhibit to the subject mortgage or foreclosure action. *See* Doc. No. 27, ex. I. Debtor's counsel additionally had cited to exhibits M, N, R and S. Exhibit M is an email from "Mortgage Research" to counsel stating that Fannie Mae "owned the loan at the time the loan was service transferred and would have been after service transferred." Exhibits N and S, undated but printed in September 2021 and October 2022, states that Fannie Mae owns the loan. Exhibit R, undated, also states that Fannie Mae owns the loan.

Even if true, counsel presents no law stating that a servicer cannot bring a foreclosure action on behalf of a lender. In fact, New Jersey statutes provides "'Person entitled to enforce' an instrument means the holder of the instrument [or] a nonholder in possession of the instrument who has the rights of a holder. . . . A person may be a person entitled to enforce the instrument even though the person is not the owner of the instrument or is in wrongful possession of the instrument." N.J.S.A. 12A:3-301.

In any case, the argument goes to standing, which has been adjudicated. Repeatedly. As the debtor herself acknowledges: "Throughout the mortgage foreclosure action and the appeals to the Appellate Division and the Supreme Court and the challenge to the claim of Nationstar Mortgage as successor to Everbank, I have always contended that there was a lack of standing because Everbank was not the owner of the mortgage at the time that the foreclosure action was instituted." Doc. No. 27, ¶ 38.

[11] Whether AmTrust funded the loan does not necessarily implicate standing, which has been adjudicated, and which this court is precluded from visiting by the Rooker-Feldman doctrine.

[12] The argument goes to standing, which has been adjudicated, and which this court is precluded from visiting by the Rooker-Feldman doctrine.

[13] Any errors in the foreclosure process had to be raised in the state court but is likely barred now by res judicata or the Entire Controversy Doctrine. In any case, this court has no jurisdiction to invalidate the state court judgment.

[14] Any errors in the foreclosure process had to be raised in the state court but is likely barred now by res judicata or the Entire Controversy Doctrine. Also, "[d]epending on the equities of the particular proceeding, a foreclosure judgment may not be reversed, even if some irregularities in the foreclosure process are demonstrated by the defendant." *Capital One, N.A. v. Peck*, 455 N.J. Super. 254, 259 (App. Div. 2018). In any case, this court has no jurisdiction to invalidate the state court judgment.

*In re Eileen T. Adams*
*Case No.: 22-13384-ABA*
Order Vacating Stay and Granting In Rem Relief from Stay
Page | 7

---

- Everbank sent a letter stating that it was transferring the servicing of the loan to Nationstar without indicating that it was transferring anything but the servicing rights;[15] and

**WHEREAS** the court notes that with every new case filed, the debtor or her husband present a new theory for why this court should not uphold the state court judgment and/or lift the automatic stay; and

**WHEREAS** "On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—"

(a) for cause, including the lack of adequate protection of an interest in property of such party in interest; . . . [or]

(d) with respect to a stay of an act against real property under subsection (a), by a creditor whose claim is secured by an interest in such real property, if the court finds that the filing of the petition was part of a scheme to delay, hinder, or defraud creditors that involved either—

(A) transfer of all or part ownership of, or other interest in, such real property without the consent of the secured creditor or court approval; or

(B) multiple bankruptcy filings affecting such real property.

11 U.S.C. § 362(d)(1), (d)(4); and in addition to serial filings, a court may consider "the timing and sequence of the filings, the feasibility of any plan proposed by the debtor in the cases, and the debtor's use of the cases to collaterally attack a foreclosure judgment related to the property." *In re Shelton*, 3:15-BK-4161-PMG, 2016 WL 11708179, at *2 (Bankr. M.D. Fla. Oct. 19, 2016); and

---

[15] It is not clear what import this allegation has on the stay relief motion.                    ***SA-350a***

*In re Eileen T. Adams*
Case No.: 22-13384-ABA
Order Vacating Stay and Granting In Rem Relief from Stay
Page | 8

---

**WHEREAS** the movant has demonstrated cause for relief as the debtor is not making any payments to it; and

**WHEREAS** the movant has also demonstrated that the debtor engaged in a scheme to delay and hinder the movant through numerous repeated and baseless attempts to set aside the judgment of the state court in this court over the course of multiple bankruptcy filings. *See In re Richmond*, 516 B.R. 229, 235 (Bankr. E.D.N.Y. 2014) (citing the timing of filings on the eve of foreclosure sales and "[d]ebtor's continued efforts to use the bankruptcy filings to collaterally attack the Foreclosure Judgment, notwithstanding repeated rulings that such a collateral attack is precluded by res judicata and *Rooker–Feldman*" as supporting intent to hinder, delay or defraud creditors); and

**WHEREAS** after a hearing held October 11, 2022, at which debtor's counsel admitted that the debtor has not been making any payments to the movant, and for the reasons set forth on the record and above; and for good cause shown; it is

**ORDERED** that the automatic stay is vacated to permit the movant to institute or resume and prosecute to conclusion one or more actions in the court(s) of appropriate jurisdiction to pursue the movant's rights in the property located at 32 Timberline Drive, Voorhees, New Jersey.

**IT IS FURTHER ORDERED** that the movant, its successors or assignees, may proceed with its rights and remedies under the terms of the subject mortgage and pursue its state court remedies including, but not limited to, taking the property to sheriff's sale, in addition to potentially pursuing other loss mitigation alternatives, including, but not limited to, a loan modification, short sale, or deed-in-lieu foreclosure. Additionally, any purchaser of the property at sheriff's sale (or purchaser's assignee) may take any legal action for enforcement of its rights to possession of the Property.

*In re Eileen T. Adams*
*Case No.: 22-13384-ABA*
Order Vacating Stay and Granting In Rem Relief from Stay
Page | 9

---

**IT IS FURTHER ORDERED** that, provided that this order is recorded in conformity with 11 U.S.C. §363(d)(4), this order terminating the automatic stay under 11 U.S.C. §362(a) as to movant's interest in the Property shall be binding in in any other case filed under the Bankruptcy Code purporting to affect the property that is filed not later than two years after the date of this order, such that the automatic stay under 11 U.S.C. §362(a) shall not apply to movant's interest in the Property.

**IT IS FURTHER ORDERED** that if the debtor desires to litigate whether Fannie Mae is the only entity with standing to foreclose, then this court, without holding that it has the jurisdiction to so decide, permissively abstains in favor of the state court to hear such argument. *See* 28 U.S.C. § 1334(c)(1).

*SA-352a*

**UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT**

---

### CONCISE SUMMARY OF THE CASE

Pursuant to 3rd Cir. LAR 33.3, counsel are required to file a concise summary of the case within **14** days of the date of docketing of the Notice of Appeal. Total statement is limited to no more than 2 pages, single-spaced. Counsel may utilize this form or attach a 2 page statement encompassing the information required by this form.

SHORT CAPTION: **Eileen Adams v. Nationstar Mortgage**

USCA NO.: 24-1212

LOWER COURT or AGENCY and DOCKET NUMBER:
1-22-cv-06256

NAME OF JUDGE: Karen M. Williams

Specify who is suing whom, for what, and the subject of this action. Identify (1) the nature of the action; (2) the parties to this appeal; (3) the amount in controversy or other relief involved; and (4) the judgment or other action in the lower court or agency from which this action is taken:

1) Nature of Action: Eileen T. Adams filed a Chapter 13 bankruptcy petition with the United States Bankruptcy Court for the District of New Jersey on April 26, 2022. She is the owner of the property located at 32 Timberline Dr., Voorhees, NJ. Nationstar Mortgage, LLC, scheduled as a disputed creditor, filed a motion for relief from stay and for prospective relief so that they could continue a State foreclosure action on 32 Timberline Dr., Voorhees, NJ. Eileen T. Adams, the debtor, filed opposition to the motion for relief from stay. Her opposition was that Nationstar Mortgage had no valid interest in the mortgage being foreclosed because the mortgage was owned by Fannie Mae and was improperly assigned to Nationstar Mortgage through an Assignment of Mortgage by MERS for which there was no authority to assign said mortgage. The Bankruptcy Court, on October 14 2022, entered an Order vacating the automatic stay and granting in rem relief from stay in favor of Nationstar Mortgage so that Nationstar could continue the State Court foreclosure action to which it has never been a party.

2) Parties to the Appeal: Appellant, Eileen T. Adams; Appellee, Nationstar Mortgage, LLC

3) Amount in Controversy or Other Relief: No specific monetary amount in controversy; Other relief - granting motion to vacate automatic stay for right to continue foreclosure in State Court

4) Judgment or Other Action: Appeal from Order of the U.S.D.C. affirming U.S.B.C. Order of October 14, 2022

**LIST and ATTACH** a copy of each order, judgment, decision or opinion which is involved in this appeal. If the order(s) or opinion(s) being appealed adopt, affirm, or otherwise refer to the report and recommendation of a magistrate judge or the decision of a bankruptcy judge, the report and recommendation or decision shall also be attached.

Attached is Order Vacating Stay and Granting In Rem Relief entered by the United States Bankruptcy Court for the District of New Jersey on October 14, 2022 which was appealed to the United States District Court for the District of New Jersey under Docket No. 22-06256-KMW and an order was entered on January 4, 2024 dismissing the appeal of Appellant, Eileen T. Adams which is now being appealed under the above referenced docket number to the United States Court of Appeals for the Third Circuit.

Provide a short statement of the factual and procedural background, which you consider important to this appeal:

In 2009, Eileen Adams received a devise by the Will of her deceased father, John J. Tierney, II transferring to her the property at 32 Timberline Dr., Voorhees, NJ free and clear of all liens and encumbrances. In 2014, EverBank claiming that it had been assigned a mortgage by MERS as assignee of Amtrust Bank, started a foreclosure action to foreclose on Eileen Adam's property at 32 Timberline Dr., Voorhees, NJ. The facts show that Fannie Mae is and always has been the owner of the mortgage loan to Eileen Adam's father. The originator of the loan, Amtrust Bank, was shut down by the F.D.I.C. in 2009 and all of its assets were liquidated. However, there was no valid assignment of an electronic note nor the recorded mortgage given by Eileen Adam's father to Amtrust Bank. There was a fraudulent assignment of mortgage from MERS to EverBank who started the foreclosure action and who has remained the plaintiff on the foreclosure action to this day. In 2016, EverBank, even though they had no ownership interest in the mortgage by way of the faulty assignment, assigned the mortgage to Nationstar Mortgage which filed the motion for relief from stay in the Bankruptcy Court, even though they had faulty title to the mortgage being foreclosed. Only a real creditor who is entitled to payment from the debtor may bring a motion for relief from stay. Nationstar Mortgage was not entitled to have a motion for relief from stay granted because it was not entitled to payment from Eileen Adams.

Identify the issues to be raised on appeal:

1) Should the Motion to Vacate the Automatic Stay have been granted by the Bankruptcy Court and affirmed by the District Court when Nationstar Mortgage was not a party to the foreclosure action in the State Court and was not properly in the chain of title to foreclose on 32 Timberline Dr., Voorhees, NJ by virtue of an improper and unauthorized assignment of note from a defunct bank shut down by the F.D.I.C. (Amtrust Bank) and by MERS, by way of assignment of mortgage when MERS never had authority to assign the mortgage to EverBank, who later assigned the mortgage to Nationstar Mortgage, LLC.

This is to certify that this Concise Summary of the Case was electronically filed with the Clerk of the U.S. Court of Appeals for the Third Circuit and a copy hereof served to each party or their counsel of record

this ___23rd___ day of ___February___ ,20__24__ .

## /s/ David A. Kasen, Esq.

Signature of Counsel

Rev. 07/2015