# 24-1212-cv

## IN THE

## 𝔘nited 𝔖tates 𝔆ourt of 𝔄ppeals

### FOR THE THIRD CIRCUIT

EILEEN T. ADAMS,

Debtor-Appellant,

-against-

NATIONSTAR MORTGAGE, LLC

Defendant-Appellee

---

### ON APPEAL FROM THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

---

### REPLY BRIEF OF DEBTOR-APPELLANT

---

Attorney of Record:
DAVID A. KASEN, ESQUIRE
KASEN & KASEN, P.C.
Attorneys for Debtor-Appellant,
Eileen T. Adams
Society Hill Office Park
1874 E. Marlton Pike, Suite 3
Cherry Hill, New Jersey 08003
Telephone:(856) 424-4144
Fax: (856) 424-7565
Email: dkasen@kasenlaw.com
Attorney ID#262881970

## TABLE OF CONTENTS

Page

ARGUMENT                                                    1

ROOKER-FELDMAN DOCTRINE AND
THE AUTOMATIC STAY                                          5

CONCLUSION                                                 13

SIGNATURES OF COUNSEL OF RECORD                            14

CERTIFICATE OF BAR MEMBERSHIP                              15

CERTIFICATE OF COMPLIANCE                                  16

CERTIFICATE OF SERVICE                                     17

# TABLE OF CITATIONS

| | Page |
|---|---|
| <u>Rooker-Feldman</u> Doctrine | 2, 3, 5, 6, 7 8, 9 |
| section 362(d) | 4 |
| Section 548 | 9 |
| Section 544 | 9 |
| Section 547 | 9 |
| Section 549 | 9 |
| 11 U.S.C. §§ 1129, 1325 | 9 |
| 11 U.S.C. §§ 727, 1141, 1328 | 9 |
| 11 U.S.C. § 362(d) | 10 |
| *In re Shook,* 24 Bankr. LEXIS 9198(U.S.Bankr.Ct.D.N.M.) | 5 |
| *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923) | 5 |
| *App. v. Feldman*, 460 U.S. 462 (1983) | 5 |
| *In re Wilson*, 116 F.3d 87, 90 (9th Cir. 2000) | 5 |
| *In re Gruntz*, 202 F.3d 1074, 1082 (9th Cir. 2000) | 5 |
| *In re Oakwood Acceptance Corp.*, 308 B.R. 81, 85 (Bankr. D. N.M. 2004) | 6 |
| *In re Hall*, 2024 WL 1023129 | 7 |
| *BioConvergence LLC v. Attariwala*, 2020 WL 1915269 | 7 |
| *In re Benalcazar*, 283 B.R. 514, 528 (Bankr. N.D. Ill. 2002) | 7 |

i

*In re Franco*, 574 B.R. 730, 737 (Bankr. D.N.M. 2017)    7

*In re S-TEK I, LLC*, 625 B.R. 519, 525 (Bankr. D.N.M. 2020    7

*Wagner v. Union State Bank* (*In re Wagner*), 2019 WL 1995606    7

*In re Ebel*, 139 Fed. Appx. 26, 29 (10th Cir. 2005)    8

*Schwartz v. United States*, 954 F.2d 569, 570–71 (9th Cir.1992)    8

*NLRB v. Edward Cooper Painting, Inc.*, 804 F.2d 934, 940
(6th Cir.1986)    8
Chao v. Hosp. Staffing Servs., Inc., 270 F.3d 374, 384
(6th Cir. 2001)    8

*Virella v. TLOA of NJ, LLC (In re Virella),* 661 B.R.199
(U.S.B.C. June 18, 2024)    8, 10

Great Western Mining & Mineral Co. v. Fox Rothschild LLP,
615 F.3d 159, 163-64 (3d Cir. 2010)    9

Skinner v. Switzer, 562 U.S. 521, 532, 131 S. Ct. 1289,
179 L. Ed. 2d 233 (2011)    9

In re Philadelphia Ent. & Dev. Partners, 879 F.3d 492,
500-01 (3d Cir. 2018)    9

In re Lowry, No. 20-1712, 2021 U.S. App. LEXIS 38533,
2021 WL 6112972, at *3 (6th Cir. Dec. 27, 2021)    9

In re Isaacs,  895 F.3d 904 (6th Cir. 2018)    9

In re Sasson, 424 F.3d 864, 871 (9th Cir. 2005)    9

In re FirstPlus Fin. Inc. 248 B.R. 60. 70 (Bankr. N.D. Tex. 2000)    10

In re Ellington. 151 B.R. 90. 95 (Bankr. WO. Tex. 1993    10

Roslyn Savings Bank v. Comcoach Corp. (In re Comcoach Corp.),
698 F.2d 571, 573 (2d Cir. 1983)    10

*DreamBuilders Invs. V. Merscorp Holdings, Inc.,* 2022 U.S. Dist. LEXIS 36141, 2022 W.L. 596102 (2022)      12

# ARGUMENT

The defendant appellee, Nationstar Mortgage LLC (hereinafter called "Nationstar Mortgage"), has filed a brief in this appeal in support of its position with this court on November 14, 2024. The debtor appellant, Eileen T. Adams, files this reply brief replying to the position of Nationstar Mortgage for the reasons set forth below.

The brief of the appellee fails to state any facts or any law with respect to the issues raised in this appeal which are raised solely with regard to the bankruptcy court's decision to grant a stay relief motion to Nationstar Mortgage and the decision of the United States District Court for the District of New Jersey to affirm the bankruptcy court's decision.

Specifically, Eileen Adams filed a chapter 13 bankruptcy on April 22, 2022 which was assigned case number 22-13384-ABA. The automatic stay, under Section 362 of the Bankruptcy Code, went into effect on that date. On August 15, 2022, a motion for relief from stay and request for perspective relief was filed by Nationstar Mortgage as docket number 23 on the Bankruptcy Court's docket. On October 4, 2022, Eileen Adams filed a certification and brief in opposition to the motion of Nationstar Mortgage. On October 14, 2022, the Bankruptcy Court issued its order vacating the stay in favor of Nationstar Mortgage and granting in

rem relief from stay.  Eileen Adams then filed a timely appeal with the United

States District Court for the District of New Jersey relating to the Bankruptcy

Court's decision. On January 4, 2024 (over two years after the appeal was filed

with the District Court), the District Court issued an order affirming the

Bankruptcy Court order granting relief from stay on the basis that the <u>Rooker-</u>

<u>Feldman </u>Doctrine applied requiring the District Court to dismiss the debtor-

appellant appeal because the court said that the <u>Rooker-Feldman</u> Doctrine barred

review of the State Court ruling with regard to the issue of the secured creditor

appellee's standing.  Immediately after the District Court ruling, EverBank and not

Nationstar Mortgage which was the movant seeking relief from stay, rescheduled

the sheriff's sale of the debtor's home located at 32 Timberline Dr., Voorhees, NJ

pursuant to a writ of execution issued in favor of EverBank.  The sheriff sale was

held on May 15, 2024, at which time Eileen Adams and her husband, Gary Adams,

were the high bidder to buy back their house for the sum of $475,000.  Pursuant to

that sheriff's sale, a sheriffs deed was issued to Eileen Adams and her husband,

Gary Adams, on May 15, 2024.  A copy of the sheriffs deed is set forth in the

Appendix at 303a.  The sheriff's sale was held even though EverBank never

obtained relief from the automatic stay.  Relief from the automatic stay was

obtained by Nationstar Mortgage, a different entity.  Nationstar Mortgage was

never a plaintiff in the foreclosure action and was never a creditor or party in

interest of Eileen Adams.  Thus, it is always been the position of the debtor-appellant that the sheriff's sale violated the automatic stay provisions because the sheriff's sale was held by EverBank and not by Nationstar Mortgage.  It is the position of the debtor-appellant, Eileen Adams, that the sheriff's sale violated the automatic stay provisions of the Bankruptcy Code and is void *ab initio*.

This appeal presently before the Third Circuit Court of Appeals deals with the motion for relief from stay filed by Nationstar Mortgage and the sheriff's sale held under the authority of EverBank, two different entities.

The brief of Nationstar Mortgage does not cite any facts or any law in support of its position with regard to why the motion for relief from stay was filed by Nationstar Mortgage and why the sheriff's sale was held by EverBank, a different entity.

In the brief, the debtor-appellant Eileen Adams sets forth three issues that should be decided by the Third Circuit Court of Appeals:

A.    Did the District Court err in finding that the Debtor-Appellant's appeal must be dismissed due to lack of jurisdiction pursuant to the applicability of the *Rooker-Feldman* doctrine, with regard to the motion for relief from the automatic stay brought by Nationstar Mortgage, LLC in the Bankruptcy Court when Nationstar was not a party in the state court foreclosure action of EverBank

v. Eileen Adams and never entered an appearance in the foreclosure action and who held an invalid assignment of mortgage that was never authorized by the original mortgagee or its successor or assigns (AmTrust Bank).

B.      Did Nationstar Mortgage, LLC have standing to bring a motion for relief from the automatic stay under section 362(d) of the Bankruptcy Code when it was not a party in interest and did not have a right to payment from the debtor?

C.      Was there a valid assignment of mortgage executed by MERS with respect to the mortgage that John J Tierney, II, the father of Eileen Adams, executed in favor of AmTrust Bank after AmTrust Bank was shut down and liquidated by the FDIC in December 2009?

The brief of the appellee Nationstar Mortgage does not deal with these three issues and does not cite any facts or law with regard to same.  The appellee, in its brief, deals with other issues in other procedural contexts between Eileen Adams and EverBank but that is not what this appeal is about.  This appeal is about the motion for relief from stay which was granted in the Bankruptcy Court in favor of Nationstar Mortgage and the affirming of that Bankruptcy Court decision in the appeal before the District Court.  This appeal deals with the three issues set forth above.

## ROOKER-FELDMAN DOCTRINE AND THE AUTOMATIC STAY

With respect to the facts in this case, it is undisputed that the foreclosure action was brought against Eileen Adams by EverBank.  It is further undisputed that Nationstar Mortgage was never a party in the state court foreclosure action and never entered an appearance in the state court foreclosure action.  Why then does the Rooker-Feldman Doctrine prohibit the challenge to the movant Nationstar Mortgage with regard to bringing the motion for relief from stay?  Cited in the main brief filed by the appellant-debtor is a recent decision dated September 20, 2024 (*In re Shook,* 24 Bankr. LEXIS 9198(U.S.Bankr.Ct.D.N.M.)) from Honorable David T. Thuma, United States Bankruptcy Judge for the District of New Mexico regarding whether the Rooker-Feldman Doctrine was applicable to bar a Bankruptcy Court's authority to determine the extent of and enforce the provisions of the automatic stay of the Bankruptcy Code.  The portion of that opinion was quoted in the main brief of the debtor-appellant and repeated at length below:

> C. *Rooker-Feldman* Does not Apply.
>
> CNB's main argument is that the Court lacked jurisdiction and authority to set aside the state court orders under the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine bars federal courts, other than the Supreme Court, from reviewing state court orders or judgments. See *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923) and D.C. Ct. *App. v. Feldman*, 460 U.S. 462 (1983). The doctrine applies to bankruptcy courts. See, e.g., *In re Wilson*, 116 F.3d 87, 90 (9th Cir. 2000) ("The

5

bankruptcy court is also prohibited from reviewing the state court's judgment by the *Rooker-Feldman* doctrine, which prohibits lower federal courts from sitting as effective courts of appeal for state court judgments."). In general terms, the doctrine holds that federal courts may not sit as courts of appeal for state court orders and judgments the losing party is unhappy with.

While the Court respects and follows the *Rooker-Feldman* doctrine, it does not apply here. <u>It is universally acknowledged that *Rooker-Feldman* does not prevent a bankruptcy court from determining whether the automatic stay applies to pending state court litigation</u> [Emphasis added.]. In *In re Gruntz*, 202 F.3d 1074, 1082 (9th Cir. 2000), for example, the Ninth Circuit opined:

[B]y virtue of the power vested in them by Congress, the federal courts have the final authority to determine the scope and applicability of the automatic stay. "The States cannot, in the exercise of control over local laws and practice, vest State courts with power to violate the supreme law of the land." Kalb, 308 U.S. at 439, 60 S. Ct. 343. Thus, the *Rooker–Feldman* doctrine is not implicated by collateral challenges to the automatic stay in bankruptcy. A bankruptcy court simply does not conduct an improper appellate review of a state court when it enforces an automatic stay that issues from its own federal statutory authority. In fact, a reverse Rooker–Feldman situation is presented when state courts decide to proceed in derogation of the stay, because it is the state court which is attempting impermissibly to modify the federal court's injunction. *Gruntz*, at 1083.

Thus, while state courts may determine their jurisdiction by deciding whether the automatic stay applies to an action before them, see, e.g., *In re Oakwood Acceptance Corp.*, 308 B.R. 81, 85 (Bankr. D. N.M. 2004) ("state courts have the authority to determine whether the stay in

bankruptcy applies to proceedings before them"), if the state court errs in finding that the automatic stay does not apply, the bankruptcy court is not bound by the error. A recent opinion summarizes this point:

The bankruptcy court and state court have concurrent jurisdiction to determine whether the automatic stay applies, but the bankruptcy court has the final word. If a state court erroneously determines that the automatic stay does not apply in a case, it is in effect an improper modification of the automatic stay and renders the action in the nonbankruptcy proceeding void ab initio. The bankruptcy court has exclusive jurisdiction to grant stay relief and to enforce the automatic stay.

*In re Hall*, 2024 WL 1023129, *4 (Bankr. D. Kan.) (footnotes omitted). For other authority to the same effect, see *BioConvergence LLC v. Attariwala*, 2020 WL 1915269, at *3 (S.D. Ind.) ("If the non-bankruptcy court issues a finding as to the application of the stay that the bankruptcy court deems erroneous, the bankruptcy court's resolution of this issue is determinative"); *In re Benalcazar*, 283 B.R. 514, 528 (Bankr. N.D. Ill. 2002) ("[W]hile a state court has jurisdiction to determine the applicability of the automatic stay in the first instance, its jurisdictional determination is subject to collateral attack."); *In re Franco*, 574 B.R. 730, 737 (Bankr. D.N.M. 2017) ("[Rooker-Feldman] does not apply, because the judgment, obtained in violation of the automatic stay, is void and has no effect"); *In re S-TEK I, LLC*, 625 B.R. 519, 525 (Bankr. D.N.M. 2020 ("Nor does Rooker-Feldman require enforcement of state court judgments or orders where enforcement of the judgement or order is subject to the automatic stay imposed by Bankruptcy Code § 362(a)(2) upon commencement of a bankruptcy case."); *Wagner v. Union State Bank* (*In re Wagner*), 2019 WL 1995606, at *5 (Bankr. D. Kan.) ("Orders entered in violation of the stay are void, not

7

binding on the bankruptcy court, and cannot be saved by collateral estoppel, res judicata, or the Rooker-Feldman doctrine"); *see generally In re Ebel*, 139 Fed. Appx. 26, 29 (10th Cir. 2005) ("the bankruptcy courts retain jurisdiction to review compliance with the automatic stay.").

The basis for this rule is the Supremacy Clause of the United States Constitution:[5]

If the non-bankruptcy court's initial jurisdictional determination is erroneous, the parties run the risk that the entire action later will be declared void ab initio. See *Schwartz v. United States*, 954 F.2d 569, 570–71 (9th Cir.1992); *NLRB v. Edward Cooper Painting, Inc.*, 804 F.2d 934, 940 (6th Cir.1986). If a state court and the bankruptcy court reach differing conclusions as to whether the automatic stay bars maintenance of a suit in the non-bankruptcy forum, the bankruptcy forum's resolution has been held determinative, presumably pursuant to the Supremacy Clause.

Chao v. Hosp. Staffing Servs., Inc., 270 F.3d 374, 384 (6th Cir. 2001).

Even Judge Altenburg, the judge in the bankruptcy case filed by Eileen Adams, seems to be softening his position with regard to the Rooker-Feldman Doctrine.  In his recent opinion in *Virella v. TLOA of NJ, LLC (In re Virella),* 661 B.R.199 (U.S.B.C. June 18, 2024), he dealt with a bankruptcy case in which the debtors sought to recover either property or money and damages as a result of an illegal taking pursuant to a tax sale certificate foreclosure.  Judge Altenburg stated as follows:

Finally, the *Rooker-Feldman {"'*26]* doctrine does not apply. The *Rooker-Feldman* doctrine generally prevents parties from bringing claims in federal district courts when the plaintiff in federal court seeks to void the state court judgment. *Great Western Mining & Mineral* Co. *v. Fox Rothschild LLP, 615 F.3d 159, 163-64 (3d Cir. 2010)*. The Debtor is alleging independent federal claims - which he could not allege in the state court action - under *Section 548* to avoid the foreclosure as a fraudulent transfer and the *Takings Clause* to show equity theft. Although the *Section 548* claim and the *Takings Clause* claim are closely related to the state foreclosure judgment, that by itself does not mean that *Rooker-Feldman* applies. *Skinner v. Switzer, 562 U.S. 521, 532, 131* S. Ct. 1289, 179 L. Ed. 2d 233 (2011)** [*214)** presenting independent claims that are similar to state court claims is not an impediment to federal jurisdiction). The court's consideration of the *Section 548* and *Takings Clause* claims is not a review and rejection of the state court foreclosure judgment because the court can assume the state court reached a proper foreclosure judgment, but then independently decide whether the foreclosure could be avoided as a fraudulent transfer under *Section 548* or as an impermissible taking under the *Fifth Amendment* and/or the New Jersey Constitution. *See In re Philadelphia Ent. & Dev. Partners, 879 F.3d 492, 500-01 (3d Cir. 2018)* Rooker-Feldman does not apply to a fraudulent transfer action); *In re Lowry, No. 20-1712, 2021 U.S. App. LEXIS 38533, 2021 WL 6112972, at *3 (6th Cir. Dec. 27, 2021); In re Isaacs, 895 F.3d 904 (6th Cir. 2018)* (Rooker-Feldman does not apply to causes of action brought under *Code Section 544); In re Sasson, 424 F.3d 864, 871 (9th Cir. 2005)* (Rooker-Feldman {"'*27]* does not bar the exercise of federal bankruptcy power and bankruptcy courts may avoid state judgments in core bankruptcy proceedings, under *Sections 544, 547, 548, 549,* may modify judgments under *11 U.S.C. §§ 1129, 1325,* and, may discharge judgments under *11 U.S.C. §§ 727, 1141,* 1328).

Id. At 213.

Judge Altenburg also recognized that "A proof of claim filed by a party who is not a creditor is not a properly filed proof of claim. *In re FirstPlus Fin. Inc. 248 B.R. 60. 70 (Bankr. N.D. Tex. 2000)* (citing *In re Ellington. 151 B.R. 90. 95 (Bankr. WO. Tex. 1993))*. "[L]ogic dictates that if one does not own a claim against the debtor, one may not file a claim against the debtor." *Ellington. 151 B.R. at 95.*" Virella v. TLOA of N.J. LLC 661 B.R.199 F8 (Bankr. D.N.J. 2024).

The Bankruptcy Code provides that "[o]n request of a party in interest and after notice and a hearing, the court shall grant relief from the stay" if the party in interest has made the appropriate showing to obtain such relief. *11 U.S.C. § 362(d)*. The Bankruptcy Code does not define the term "party in interest" for purposes of this subsection. Courts have concluded, however, that in order to invoke the court's power to award relief under *§ 362(d)*, a party must be either a creditor or a debtor of the bankruptcy estate. *See, e.g., Roslyn Savings Bank v. Comcoach Corp. (In re Comcoach Corp.), 698 F.2d 571, 573 (2d Cir. 1983)*. Nationstar Mortgage was neither a creditor or the debtor of the bankruptcy estate. Obviously, it wasn't the debtor because the debtor was Eileen Adams. As to a creditor, Nationstar Mortgage was not a creditor because the debtor owed no monies to Nationstar Mortgage nor did Nationstar Mortgage hold a valid mortgage on the Adams' home. There was a break in the chain of title from the

original mortgagee.  The original mortgagee was MERS, a separate corporation acting solely for lender (Amtrust Bank) and lenders successors and assigns. The original mortgagor was John J. Tierney, II.  On December 4, 2009 Amtrust Bank was shut down by the Office of Thrift Supervision and was placed in receivership and the FDIC was named as receiver.  Amtrust Bank no longer existed because it had failed and was shut down in 2009.  Despite the lack of existence of Amtrust Bank, an assignment of mortgage dated November 21, 2013 (some four years later) indicates that the MERS was acting solely as nominee for Amtrust Bank, its successors and assigns was given to EverBank, the plaintiff in the foreclosure action.  MERS had no authority to give an assignment of the mortgage executed by John J. Tierney, II to EverBank and has never once produced a document showing that it had authority to assign the mortgage owned by the defunct Amtrust Bank.  Thus, there was a break in the chain of title from the time that Amtrust Bank went out of existence until MERS allegedly acting solely as nominee for Amtrust Bank its successors and assigns assigned the mortgage in question to EverBank on November 21, 2013.  There is no evidence that such an assignment was a valid assignment.  At no time did Eileen Adams, who inherited the property from her father when he died in 2009, John J. Tierney, II, ever have an obligation to pay EverBank.  Ultimately, the mortgage was again assigned on July 26, 2016 to Nationstar Mortgage, but the real question is, how can that be a

valid transfer of the mortgage when there was no valid assignment to EverBank since Amtrust had been defunct since December 2009?

Nationstar Mortgage was never substituted as a plaintiff in the foreclosure action. The Superior Court of New Jersey had as its plaintiff throughout the foreclosure proceeding, EverBank and not Nationstar Mortgage. Thus, there is a serious break in the chain of title after Amtrust Bank was shut down and liquidated in December 2009. Accordingly, since Eileen Adams owed no money to Nationstar Mortgage and Nationstar Mortgage held an invalid assignment of mortgage, she should have not been the subject of a motion for relief from the automatic stay.

I want to remind this court about the ruling in *DreamBuilders Invs. V. Merscorp Holdings, Inc.,* 2022 U.S. Dist. LEXIS 36141, 2022 W.L. 596102 (2022) which found as follows:

> "The membership rules and procedures also state that MERSCORP cannot hold liens owned or serviced by terminated members *Id.* ¶ 36. The terminated member is responsible for executing a release of the security instrument upon termination. *Id.* ¶ 40. MERSCORP is required to provide notice to the terminated member regarding their release responsibilities, and if the terminated member fails to take proper action, MERSCORP has the right to release the liens that MERSCORP is holding on their behalf. *Id.* ¶ 41; Doc. 7-1 at 14-15. After DreamBuilder's termination, MERSCORP was not able to identify all of the liens

> MERSCORP might be holding on Dreambuilder's failure
> to properly update the system. Doc. 7 ¶37."

Obviously, Amtrust Bank was terminated member back in 2009 when it went out of business and no longer existed. Therefore, MERSCORP had no rights to assign the Amtrust Mortgage to EverBank in 2013 and has never produced any documentation in which MERSCORP was given the authority to assign the mortgage of the defunct Amtrust Bank to EverBank in 2013. If EverBank did not receive a valid assignment, then EverBank could not have validly assigned the mortgage to Nationstar Mortgage in 2016.

## CONCLUSION

Given the foregoing, the Rooker-Feldman Doctrine should not have applied to the motion for relief from stay brought by Nationstar Mortgage and, since there was no money owed by Eileen Adams to Nationstar Mortgage, and further since the foreclosure sale was conducted by EverBank and not Nationstar Mortgage, the orders of the Bankruptcy Court and the District Court should be overturned and the sheriff's sale that took place should be declared void *ab initio* and the $475,000 paid by the debtor-appellant to Nationstar Mortgage should be returned to the debtor-appellant with interest calculated thereon.

Dated: December 19, 2024       Respectfully submitted,

KASEN & KASEN, P.C.

By: */s/ David A.  Kasen*
David A. Kasen, Esq.
KASEN & KASEN, P.C.
Society Hill Office Park, Suite 3
1874 E. Marlton Pike
Cherry Hill, NJ 08003
Telephone: (856) 424-4144
Facsimile: (856) 424-7565
E-Mail: dkasen@kasenlaw.com

*Counsel to Appellant*

# CERTIFICATE OF BAR MEMBERSHIP

I hereby certify that I am a member in good standing of the bar of the United States Court of Appeals for the Third Circuit.

Date:   December 19, 2024                 /s/ David A. Kasen
                                          DAVID A. KASEN

# CERTIFICATE OF COMPLIANCE

I, David A. Kasen, hereby certify that:

1.      This brief complies with the type-volume limitation of Rule 32(a)(7)(B) of the Federal Rules of Appellate Procedure because it contains 3,652 words and only 397 lines of text, excluding the parts of the brief exempted by Rule 32(f).

2.      This brief complies with the typeface requirements of Rule 32(a)(5) and the type style requirements of Rule 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in Times New Roman 14-point font.

3.      This brief complies with the electronic filing requirements of Local Rule 311(c).  The text of this electronic brief is identical to the text of the paper copies, and Windows Defender has been run on the file containing the electronic version of this brief and no virus has been detected.

Date:   December 19, 2024              */s/ David A. Kasen*
                                        DAVID A. KASEN

## CERTIFICATE OF SERVICE

I certify that on the date indicated below, I filed the foregoing document with the Clerk of the Court, using the CM/ECF system, which will automatically send notification and a copy of the brief to counsel who have appeared for the parties and are CM/ECF participants.

Date:   December 19, 2024                   */s/ David A. Kasen*
                                             DAVID A. KASEN